Argued October 6, affirmed November 29, 1977

MESTAS, *Appellant,*
*v.*
PETERS, *Respondent.*
(No. 35250, SC 24792)
571 P2d 888

William B. Wyllie, Salem, argued the cause and filed a brief for appellant.

Paul J. Lipscomb, Salem, argued the cause for respondent. On the brief was Samuel R. Blair of Blair & MacDonald, Salem.

Before Denecke, Chief Justice, Holman and Bryson, Justices, and Gillette, Justice Pro Tempore.

HOLMAN, J.

**HOLMAN, J.**

This personal injury action was dismissed with prejudice prior to trial. The grounds for dismissal were the failure of plaintiff to appear for a deposition and medical examination. Plaintiff appeals.

Because the record is important to the extent of the court's authority and to whether it abused its discretion, it will be set forth in detail. The automobile accident, out of which plaintiff's claim arises, occurred March 14, 1973. The case was filed January 21, 1975. An answer was filed and the case was at issue on April 18, 1975. Plaintiff, by this time, was a resident of Alaska.

On July 1, 1976, defendant filed a motion requesting (1) a continuance of the case from its trial date of July 28, 1976; (2) plaintiff present himself for the taking of a pretrial deposition; (3) plaintiff present himself for a medical examination; and (4) a dismissal of the case if requests (2) and (3) were not complied with promptly. The affidavit in support of this motion recited that defendant had made repeated unsuccessful efforts to arrange for a deposition of plaintiff; that plaintiff had been in his attorney's office from Alaska but that plaintiff's attorney had informed defendant's attorney that plaintiff had not had adequate time to permit a deposition or medical examination while there. On August 13, 1976, an order was made that the case be continued and directed that plaintiff present himself for a deposition and medical examination on or before September 30, 1976. It also directed plaintiff to notify defendant 20 days in advance of his presence within the state to permit making a medical appointment for his examination. The order further stated that if plaintiff failed to comply with the order, the case would be dismissed for such failure.

The next document which appears in the file is a motion by defendant for a dismissal of the case because of plaintiff's failure to comply with the court's

order. In support of the motion, an affidavit was filed which recited that the court's prior order setting the date of September 30 had been on the basis of an October trial date and that subsequently a trial date was assigned for November 9; that on September 8 defendant's attorney had made a medical appointment for an examination of plaintiff on October 26 and that counsel for plaintiff was immediately notified; that plaintiff's attorney had indicated to defendant's attorney that repeated efforts to get a response from plaintiff were unsuccessful; and that plaintiff had not appeared for either a medical examination or a deposition. The affidavit is accompanied by a copy of a letter dated September 14, 1976, from defendant's attorney to plaintiff's attorney notifying him of the signing of the order entered by the court on August 13 and requiring his client to appear by September 30. That letter is as follows:

"I am enclosing for your files a copy of the Order as I am told it has been signed and filed. That Order was based on a trial date we had October 5th, which has now gone by the boards and we are into November 9th and 10th for our trial. My own feeling is that, if your man appears for his examination by Dr. Boals on October 26th at 1:15 p.m. that will be substantial compliance with the Court's order. We will want to take his deposition either that day of [sic] one day before or one day after his examination. If Mr. Mestas does not appear for that examination, I intend to ask the court for an order of dismissal."

In response to defendant's application for a dismissal, plaintiff's attorney filed an affidavit in which he recites that defendant's lawyer had advised him on September 9 of a medical examination date; that on September 17 he had sent to plaintiff in Alaska a copy of the letter from defendant's attorney previously set forth and had requested that plaintiff contact him; that on October 22, 1976, plaintiff was contacted by telephone to remind him of his medical examination on October 26 since plaintiff's attorney had not heard from him; that plaintiff then advised that he did not

have adequate funds to travel to Oregon from Alaska for the medical examination on October 26 and then return to Alaska and back to Oregon for trial on November 9; that plaintiff asked if he could come down early for the trial and be examined and deposed then; that plaintiff had offered to be medically examined and deposed in Alaska but these proffers had been declined by defendant. Thereafter, the court made the following order:

"* * * [I]t appearing therefrom that the plaintiff was advised of the order requiring him to appear for a medical examination arranged for by the defendant on October 26, 1976, and it further appearing that the plaintiff failed to so appear to be examined medically or to have his pretrial deposition taken as heretofore ordered by the court, and the court being fully advised in the premises; now, therefore,

"IT IS HEREBY ORDERED that plaintiff's complaint be, and it hereby is dismissed with prejudice; * * *.

"* * * * * *."

It is plaintiff's contention that the court erred in dismissing the case because there was inadequate formal notice of either the deposition or the medical examination. He also contends that the order of the court directing his appearance was of no effect because there was no basis for the order, defendant not yet having complied with the discovery statute, and, in any event, by its terms it expired on September 30, 1976.

We will first consider the law applicable to depositions. The statute providing for notice of a deposition is ORS 45.161. It states, in relevant part:

"Such deposition shall be taken before a person authorized to administer oaths in the place where such deposition is taken on giving reasonable notice in writing to every other party to the action, suit or proceeding. The notice shall state the time and place for the taking of the deposition and the name and address of each person to be examined. * * *"

[ 451 ]

There is no statutory requirement that the court authorize the taking of a deposition. The only requirement is the giving of the required notice, in writing, to the opposite party as to whose deposition is to be taken and its time and place. Because the statute requires certain procedure by a party who seeks a deposition without court authorization, it does not follow that the court is without authority to oversee and govern the procedure to accomplish substantial justice and to carry out the purpose of the statute. Where a showing is made, as it was here, that the parties are having difficulty getting together concerning the taking of a deposition, the court has the authority, in advance of any notice of deposition by a party, to make a general and non-specific order that the other party appear for deposition on or before a certain date, not only to insure attendance, but to give the deponent greater latitude for his compliance. We do not believe the court, in the exercise of its powers to supervise the procedure, is limited by the requirements as to specific time and place which the statute places upon notice given by a party. The court may make broader and more general orders, in the interests of both parties as well as of the deponent, in the exercise of its general supervisory authority. The deponent is not in a position, when an order is made in general, non-specific terms for, among other things, his protection and convenience, to take advantage of its generality. He cannot now say he did not have to comply with the order because it was not sufficiently specific as to time and place or that the court was without the authority to make it because defendant had not yet resorted to a formal notice of deposition.

As to the court's order for plaintiff's appearance in Oregon by September 30—had plaintiff felt it was impossible to comply with such order because he was impecunious, the order was indefinite, or because of any other reason, he was always able to apply to the court for relief. This he did not do. His real problem

was his failure to answer his attorney's communications.

■ ORS 45.190 spells out the court's authority to compel attendance when a notice of deposition by a party is ignored:

> "If a party, or an officer or managing agent of a party, wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action, suit or proceeding is pending, on motion and notice, may, within the limitations required by due process, strike all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof. * * *."

This is the only statutory authorization of the imposition of sanctions compelling attendance, and it is apparent that the words "fails to appear before the officer who is to take his deposition after being served with a proper notice" contemplates the kind of formal notice required *of a party* under ORS 45.161, and not orders of the court made under its supervisory authority. However, it is reasonable to assume that the court was intended to have, and does have, equal authority to enforce its orders which are made in the exercise of its general supervisory authority over the proceeding.

Because of our belief that the order requiring plaintiff to appear for his deposition by September 30 was a valid exercise of the trial court's supervisory power over the proceeding and was, therefore, enforceable by the imposition of sanctions, it is unnecessary to decide whether the notice to appear on October 26 was technically adequate or whether the proceedings complied with the requirements of the statutes insofar as a physical examination is concerned, unless we believe the sanction for failure to appear on or before September 30 for a deposition was so severe as to be an abuse of discretion.

■ The reason this opinion goes into such detail in recounting the record of what transpired is to make possible a fair judgment on whether the sanction

imposed by the trial court for defendant's non-appearance by September 30 was too severe and was thus an abuse of its discretion. We view this as a typical case where everyone leaned over backwards to accommodate a plaintiff who would not be accommodated and who now seeks to invalidate a sanction because the leniency which was extended to him resulted in an order which did not require appearance at a specific time and place. Although this court might not have imposed the ultimate sanction as quickly as did the trial judge, under the circumstances of this case we cannot say that he exceeded the bounds of his discretion.

The order of the trial judge is affirmed.