Argued and submitted May 28,
reversed and remanded August 25, 1980

In the Matter of the Marriage of
WILLIAMS,
*Appellant,*
*and*
WILLIAMS,
*Respondent.*

(No. 15-79-04959, CA 16211)

615 P2d 1178

Scott M. Galenbeck, Springfield, argued the cause for appellant. With him on the brief was Lively, Wiswall, Svoboda, Thorp & Dennett, Springfield.

Gordon R. Hanna, Springfield, argued the cause for respondent. With him on the brief was Robert K. Naslund, P.C., Springfield.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Husband appeals a dissolution decree ordering dissolution of his marriage, determining child custody and support and ordering a property settlement because he was not permitted to appear at trial. We reverse.

Husband's conduct before trial was marked by a notable lack of cooperation with the court. He initially petitioned for dissolution of the marriage, custody of the child and distribution of the property acquired during the marriage. Wife filed a general response stating only "Respondent appears." Husband obtained a temporary order of child custody and wife cited him to show cause why temporary custody should not be awarded to her. Husband failed to appear at the hearing and did not return the child to wife, who was granted temporary custody. After repeating its order to return the child, the court issued a warrant for husband's arrest. He was not found. Husband moved for dismissal of his petition; the court denied his motion. The trial date was advanced in the hope that husband would appear and the child could be returned to wife. Thereupon, husband subpoenaed wife for a deposition. Wife served notice of deposition and moved for a protective order from husband's notice of deposition.

The hearing on wife's motion was held on October 29, 1979, and the following day the court ordered the parties and their attorneys to appear before the court at 8:30 a.m., October 31, 1979, for the purpose of taking depositions. Wife appeared at the appointed day and time; husband did not. Husband's counsel had no explanation for his client's failure to appear. The following discussion was then had:

"MR. HANNA [wife's attorney]: I move that the petitioner's pleadings be stricken, your Honor.

"THE COURT: Granted.

"MR. SVOBODA [husband's attorney]: I have one matter for the Court, if I may be heard.

[1161]

"THE COURT: You no longer have any standing. Your pleadings have been stricken from the record.

"MR. SVOBODA: Do I understand that an order will be entered striking the petition in this matter?

"THE COURT: It will be.

"MR. HANNA: Before that order is entered, I would move to amend the response to set forth a cause of suit for a dissolution. At present, the respondent's pleadings simply reads, 'Respondent appears,' and I wouldn't want to take the chance that by striking the petitioner's pleadings, this case becomes a nothing in the eyes of all.

"THE COURT: Granted.

"* * * * *

"MR. SVOBODA: Do I understand there will be a cross-petition, then, filed, your Honor?

"THE COURT: I assume that's what he's talking about.

"MR. SVOBODA: That the matter will not proceed as a default at this time?

"THE COURT: It will proceed as a default at this time. The order will be signed striking that, then you'll file. After that's stricken, then file your petition, your cross-petition or whatever you want to call it, and we'll proceed as of a default.

"Mr. Svoboda, we're not going to let Mr. Williams play horse with us.

"MR. SVOBODA: Is he not entitled to a statutory right of appearance at the time of petition?

"THE COURT: No, not when he refuses to comply with the orders of this Court and his pleadings have been stricken from the record.

"We'll proceed as if—what I'm trying to say is, by his conduct and his failure to appear, he has waived his rights in this litigation. His pleadings are stricken. They are entitled to proceed. In fact, you'll be entitled to proceed on your response, and you wouldn't need to file anything, but however you want to do it is all right with me, but Mr. Williams has not given this Court the courtesy of complying with any of its orders, Mr. Svoboda, I see no real good reason why this Court should have much concern for Mr.

Williams, but anytime you want to have him show up here, we'll be glad to hear from you.

"When would you like to bring him in?

"MR. SVOBODA: Well, my understanding is, your Honor, he's entitled to representation if he chooses that.

"THE COURT: Well, we have stricken his appearance.

"MR. SVOBODA: I understand that.

"THE COURT: You know, and until he complies with the orders of this Court, he is not going to be heard in this case, Mr. Svoboda, either by you or by anyone else."

Wife's response was amended to read as a petition for dissolution, seeking custody of the child, a division of property and attorney's fees. There is no indication in the record that husband or his counsel was served with the amended pleading. Only wife and her counsel appeared at trial. On November 13, the court entered a dissolution decree, awarded custody of the child to wife, ordered a division of property, determined husband's child support obligation and awarded wife attorney's fees.

■ Within the limitations required by due process, a court may strike the pleadings of a party who wilfully fails to appear for deposition. ORS 45.190;[1] and *see Harris v. Harris,* 247 Or 479, 430 P2d 993 (1967). If a court allows a pleading to be amended against a defaulting party, however, the amended pleading must be served upon him, if, as here, it asks for additional relief. ORS 16.430,[2] (now Oregon Rules

---

[1] ORS 45.190 (now substantially included in Oregon Rules of Civil Procedure [ORCP] 46B[2]) provided in pertinent part:

"If a party, or an officer or managing agent of a party, wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action, suit or proceeding is pending, on motion and notice, may, within the limitations required by due process, strike all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof."

[2] ORS 16.430 (now ORCP 23A) provided:

of Civil Procedure [ORCP] 23A). This requirement for service of the amended pleading logically means that a party in default is allowed to participate in the proceeding in which the pleadings have been amended. Service is required on the party in default in order that the party be allowed to respond to the amended pleading. The fact that a party defaults in a suit as it presented certain issues does not mean that he chooses not to participate in the case in its new form.

After husband's default, the only pleading extant was the simple response, "Respondent appears." Wife had to amend her response to present issues to the court. It was error to proceed to trial without service of the amended pleading on husband and giving him the opportunity to participate in the suit.

Husband also assigns as error incorporation in the decree of awards not sought by wife in her amended response. Since this matter is being sent back to the trial court for service of the amended response on husband, we need not address the issue raised by this assignment of error at this time.

Reversed and remanded. No costs to either party.

---

"Whenever an amended pleading is filed, it shall be served upon all parties who are not in default, but as to all parties who are in default or against whom a default previously has been entered, judgment may be rendered in accordance with the prayer of the original pleading served upon them; and neither the amended pleading nor the process thereon need be served upon such parties in default unless the amended pleading asks for additional relief against the parties in default.