Argued and submitted April 6, reversed and remanded with instructions
October 10, 1984

HAHM et al,
*Respondents,*

*v.*

HILLS,
*Appellant.*

(A-8107-04433; CA A26507)

689 P2d 995

Jeffrey M. Batchelor, Portland, argued the cause for appellant John Hills. With him on the briefs were Wayne Hilliard, Milo P. Petranovich, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Gary M. Berne, Portland, argued the cause for respondents Min Boo Hahm and Miryung Hahm, Walter F. Brown and Barbara Brown, Edward Buhn, Virginia Buhn and Edith Hawley, Edwin Y. Chen, Jessie Y. Chen, Lloyd Danielson, Janice Danielson, John M. DeGroat, Michel DeGroat, Eileen Grigsby, Eugene M. Hahn, James P. Holson, as custodian for Eric R. Holson, a minor, James P. Holson, as trustee for the James P. Holson Trust, H. Ross McDowell, Dorothy L. McDowell, Michael J. O'Gara, Janelle O'Gara, Mark P. Ronayne, Linda Ronayne, Allen G. Stechmesser, Robert W. Sudlow, Allen G. Stechmwesser as joint venturers, Allen G. Stechmesser, and Robert W. Sudlow, as trustees for the Far

West Marketing Profit Sharing Trust Fund, Joseph Stronko, Constance M. Vance, Darrell Williams, Daphne Williams, and Patrick Ross Crosby. With him on the briefs was Stoll & Stoll, P.C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a securities case in which plaintiffs alleged that defendant Hills and others violated state and federal securities laws. They sought $569,000 in damages plus more than $200,000 in attorney fees, expenses and costs. Defendant Hills appeals from a judgment for plaintiffs. The dispositive issue is whether the trial court abused its discretion in striking defendant's appearance, in declaring him in default and in entering judgment for plaintiffs. We conclude that it did.

Plaintiffs' complaint alleges that they had invested in securities relating to the purchase of various real properties, that unregistered securities were sold to them in violation of state and federal securities laws, and that defendant, an attorney, participated in those sales by preparing legal documents and by making representations to them regarding the tax consequences of the investments. On March 30, 1982, plaintiffs' attorney formally noticed defendant's deposition for April 6. Because of illness, defendant did not appear for that deposition. However, he did appear for his deposition on April 14. Plaintiffs' attorney did not complete the deposition on April 14, and two months later the parties' attorneys agreed to continue it on July 7. Defendant's attorney informed him of the new date and he agreed to appear. Plaintiffs' attorney subsequently canceled the July 7 date because he wanted to complete other discovery before continuing with defendant's deposition. On July 19, plaintiff's attorney formally noticed the continuation of defendant's deposition for August 4. Defendant's attorney attempted to inform him of the August 4 date. He made several telephone calls to defendant's office and he sent him letters informing him of the August 4 date. Defendant did not acknowledge his attorney's telephone calls or letters and he failed to appear on August 4.

On August 12, plaintiffs' attorney moved the trial court for a sanction against defendant. *See* ORCP 46.[1] He

---

[1] ORCP 46B(2) provides in relevant part:

"B.(2) If a party or an officer, director, or managing agent or a person designated under Rule 39C.(6) or 40A. to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section A. of this rule or Rule 44, the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"B.(2)(a) An order that the matters regarding which the order was made or

recommended that defendant be required to pay $20 for the court reporter who appeared at the deposition and $80 for plaintiffs' attorney fees. He further recommended that defendant be required to appear at plaintiff's attorney's office for deposition, that he be required to pay attorney fees for the additional time required to prepare for the next deposition, and that defendant be held in contempt of court should he again fail to appear. Instead of allowing plaintiff's motion in whole or in part, the trial court concluded that "the perfect sanction is to strike [his] appearance and hold him in default," which is what the court eventually did.

On August 16, defendant's attorney moved for reconsideration. In his affidavit, the attorney stated that he had met defendant on August 14, that defendant had told him that he was unaware of the August 4 deposition, that he would appear for his deposition if it were rescheduled and that he would call his attorney on August 16 to arrange for that rescheduling. On August 24, the trial court entered a default order, and on September 3, the court denied defendant's motion for reconsideration. On October 22, judgment was entered for plaintiffs. Defendant's attorney then moved to relieve defendant from the judgment. *See* ORCP 71B. Appearing personally, defendant told the trial court that he had had personal problems connected with his then-pending divorce, that on July 16, he and a builder with whom he had been associated "basically closed up shop," and that he first learned of the

---

any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"B.(2)(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence;

"B.(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

ORCP 46D provides in relevant part:

"If a party * * * fails (1) to appear before the officer who is to take the deposition of that party * * *, the court in which the action is pending on motion may make such orders in regard to the failure as are just, including among others it may take any action authorized under paragraphs (a), (b), and (c) of subsection B.(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising such party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

August 4 deposition when he returned to his office in mid-August. The trial court refused to set the judgment aside.

Defendant contends that the trial court erred in, *sua sponte,* striking his appearance and declaring him in default. He argues that ORCP 46 requires a showing that he wilfully or inexcusably violated a discovery order in order for the trial court properly to strike his appearance and order a default and he argues that there is no such showing here.

Before the adoption of ORCP 46, a motion to strike pleadings for failure to appear for a deposition was governed by ORS 45.190. That statute required a showing of wilfulness. *Grant's Mechanical, Inc. v. Olson,* 284 Or 75, 584 P2d 1387 (1978); *Peterson v. Day,* 283 Or 353, 584 P2d 253 (1978); *Williams and Williams,* 47 Or App 1159, 615 P2d 1178 (1980).

ORCP 46 is derived from FRCP 37.[2] *See Comment* to ORCP 46. Federal cases construing FRCP 37 are probative in interpreting ORCP 46. *See Garrison v. Cook,* 280 Or 205, 570 P2d 646 (1977); *Karsun v. Kelley,* 258 Or 155, 482 P2d 533 (1971); *Santiam Fish & Game Ass'n v. Tax Com.,* 229 Or 506, 368 P2d 401 (1962). Under FRCP 37, pleadings may be stricken when noncompliance with a discovery order has been

---

[2] FRCP 37(d) provides:

"(d) If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b) (2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

FRCP 37(b)(2) provides:

"(A) An order that the matters regarding which the order [which has been disobeyed] was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

"(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order [which has been disobeyed] is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party * * *."

wilful or in bad faith, or where noncompliance is occasioned by the fault of the sanctioned party. *Societe Internationale v. Rogers,* 357 US 197, 78 S Ct 1087, 2 L Ed 2d 1255 (1958). In *National Hockey League v. Metropolitan Hockey Club,* 427 US 639, 96 S Ct 2778, 49 L Ed 2d 747, *reh denied* 429 US 874 (1976), the Supreme Court framed the standard for review under the federal rule:

> "The question, of course, is not whether this court, or whether the Court of Appeals would, as an original matter have dismissed the action; it is whether the district court abused its discretion in so doing." 427 US at 642.

Under the federal rule, the most severe sanctions are imposed only when they are necessary to preserve the integrity of the judicial system or in some other extreme circumstance. *See, e.g., Litton Systems, Inc., v. American Tel. & Tel. Co.,* 700 F2d 785, 828 (2d Cir 1983); *Chira v. Lockheed Aircraft Corp.,* 634 F2d 664, 666 (2d Cir 1980); *Cine Forty-Second Street Theater v. Allied Artists Picture Corporation,* 602 F2d 1062 (2d Cir 1979).

On August 12, the trial court was aware only that, because of illness, defendant, an attorney, had failed to appear at the April 6 deposition, that, without explanation, he had failed to appear at the August 4 deposition, and that his attorney had several times attempted to notify him about the August 4 deposition. Imposition of the ultimate sanction was based on that record and on the trial court's conclusion that, as an attorney, defendant "knows his obligations to [his attorney] and to the Court, and [his] failure to keep in touch with [his attorney] indicates to·[the court] that sanctions are appropriate."[3] Without deciding whether the record here would have permitted the trial court to do so, we note that it made no finding at the August 12 hearing that defendant's failure to attend the August 4 deposition was wilful or in bad faith.

---

[3] Perhaps plaintiff's attorney thought the trial court was only attempting to get defendant's attention. He told the court:

> "* * * My concern, though, Your Honor, is I want him to cooperate with his attorney.

The court responded:

> "* * * You can serve a subpoena on him if you want to have further discussions, but I am striking his appearance and holding him in default."

We conclude that the facts known to the trial court at the August 12 hearing provided an insufficient predicate for the imposition of the drastic sanction employed by the court and, thus, that the trial court exceeded the bounds of its discretion when it struck defendant's appearance and declared him in default. It follows that it was error to enter judgment for plaintiffs.

Reversed and remanded with instructions to vacate the order striking defendant's appearance and finding him in default; to vacate the judgment for plaintiffs; and for further proceedings.