Argued and submitted April 6, affirmed October 10, 1984

HAHM et al,
*Appellants,*

*v.*

HILLS et al,
*Defendants,*
OREGON STATE BAR PROFESSIONAL
LIABILITY FUND,
*Garnishee-Respondent.*

(A-8107-04433; CA A26507)

689 P2d 999

Gary M. Berne, Portland, argued the cause for appellants Min Boo Hahm and Miryung Hahm, Walter F. Brown and Barbara Brown, Edward Buhn, Virginia Buhn and Edith Hawley, Edwin Y. Chen, Jessie Y. Chen, Lloyd Danielson, Janice Danielson, John M. DeGroat, Michel DeGroat, Eileen Grigsby, Eugene M. Hahn, James P. Holson, as custodian for Eric R. Holson, a minor, James P. Holson, as trustee for the

James P. Holson Trust, H. Ross McDowell, Dorothy L. McDowell, Michael J. O'Gara, Janelle O'Gara, Mark P. Ronayne, Linda Ronayne, Allen G. Stechmesser, Robert W. Sudlow, Allen G. Stechmwesser as joint venturers, Allen G. Stechmesser, and Robert W. Sudlow, as trustees for the Far West Marketing Profit Sharing Trust Fund, Joseph Stronko, Constance M. Vance, Darrell Williams, Daphne Williams, and Patrick Ross Crosby. With him on the briefs was Stoll & Stoll, P.C., Portland.

Gerald R. Pullen, Portland, argued the cause for garnishee-respondent Oregon State Bar, Professional Liability Fund.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

This is a garnishment proceeding. Plaintiffs seek to garnish the professional liability insurance of defendant attorney John Hills provided by the Oregon State Bar Professional Liability Fund (Fund). The writ of garnishment was issued after plaintiffs obtained a default judgment against Hills for alleged security law violations. The circuit court dismissed plaintiffs' garnishment. We affirm, but for a different reason than that given by the circuit court.[1]

In *Hahm v. Hills,* 70 Or App 275, 689 P2d 995 (1984), we held that it was error for the circuit court to enter the default judgment that is the foundation for plaintiffs' garnishment proceeding. We instructed the circuit court to vacate the judgment. It follows that, at this time, plaintiffs have no valid judgment on which to garnish the Fund. For that reason only, we affirm the circuit court's judgment.

Affirmed.

---

[1] The circuit court's order dismissing plaintiffs' garnishment provides:

"FINDINGS OF FACT

"1. The non-cooperation clause of the Coverage Plan of the Garnishee constitutes a defense to this action.

"2. The said John Hills did not comply with the conditions precedent to any coverage available to him under said Coverage Plan, in that he did not fully comply with all terms of the Plan, and did not comply with the clause of said plan entitled 'ASSISTANCE AND COOPERATION OF THE COVERED PARTY.'

"3. The Garnishee was prejudiced through said failure to John Hills to comply with these conditions precedent.

"4. The attorneys for the said John Hills which had been appointed by the Garnishee to defend the claims against John Hills exercised reasonable diligence and acted at all times in good faith.

"5. The Garnishee did not waive its rights to rely upon the terms of said Coverage Plan.

"Based upon said Findings of Fact, the Court finds the following:

"CONCLUSIONS OF LAW

"1. The requirement of the Coverage Plan [that] its Covered Party shall cooperate is legally valid, and is not void as being against public policy on the grounds claimed by plaintiffs that this is mandatory insurance, and therefore a non-cooperation clause is void.

"2. Plaintiffs' Garnishment against the Professional Liability Fund Garnishee is dismissed."

Thereafter, the circuit court entered judgment dismissing plaintiffs' garnishment.