Charles WALDROP,
Appellant (Plaintiff),

v.

Larry WEAVER and Patricia Weaver,
Appellees (Defendants).

No. 84–205.

Supreme Court of Wyoming.

July 11, 1985.

Robert T. Moxley, Wheatland, for appellant.

H.W. Rasmussen and Clay B. Jenkins of Badley & Rasmussen, P.C., Sheridan, for appellee Patricia Weaver.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

■ This is an appeal from a dismissal with prejudice of appellant's action for eviction as a sanction for a failure to attend a scheduled deposition. We reverse.

Appellant raises the following issues: "I. The Discovery Sought By The Appellee-Defendants Was Unnecessary As There Was No Material Issue of Fact. "II. The Court Abused Its Discretion In Dismissing The Appellant's Lawsuit With Prejudice."

Appellees raise the additional argument that appellant lacks standing because he is

not the real party in interest. Since a trustee in bankruptcy has been appointed for appellant and has made an appearance in the appeal, the question of standing is moot.

Appellant and appellees contracted for the sale and purchase of a mobile home court in Gillette. The mobile home park was located on land leased by appellant. On March 16, 1982, appellant Waldrop sold the mobile home park to appellees who executed a promissory note providing for a down payment and monthly installments. On August 2, 1982, appellees Weavers commenced suit against Waldrop seeking an offset against the purchase price because the premises were not in compliance with electrical and sanitation codes as required by their agreement. Waldrop counterclaimed asserting that an oral agreement of the parties placed responsibility for repair upon the Weavers. The Weavers moved for summary judgment which was granted; however, Waldrop was allowed to file an amended answer. Before the counterclaim could be judicially resolved, the parties moved for dismissal stipulating that the above matter "has been fully settled for valuable consideration and that the same should be dismissed with prejudice."

The parties had previously placed the documents pertaining to the trailer court sale into escrow with a local bank; after settlement, they wrote the bank explaining the newly-agreed-upon terms and stated that:

"The below parties certify that the foregoing signifies their agreement for settlement of all disputes between them, including any unresolved legal action, whether counterclaims or direct claims, and specifically any action pending under Cause No. 12039, Campbell County, State of Wyoming."

The settlement was effected May 5, 1983, and dismissal with prejudice entered on June 14, 1983.

On February 2, 1984, Waldrop brought a complaint for eviction alleging that the Weavers had, since the May 5, 1983 settlement, paid only two of the required monthly payments. The Weavers counterclaimed contending that they had discovered defects in the premises which were not in compliance with the terms of the original lease agreement or their settlement with Waldrop. Appellant's deposition was scheduled for April 25, 1984. He had moved to limit discovery and did not appear for the deposition. A hearing was held on a motion for default judgment and motion for summary judgment on May 3, 1984. The court entered an order stating:

"[T]he court finds that the matters asserted in the counterclaim of the defendants are res judicata. They are matters that should have been taken care of at the time of settling of No. 12039. Nothing further was done until a counterclaim to this suit. Their rights weren't asserted until this counterclaim. I think the letter is broad, signifying all claims are being settled. This was a lawsuit begun on August 2, 1982. It was pending for some ten months. All types of pleadings and pretrials, et cetera, affidavits, opportunity for discovery. I don't think these parties can keep litigating and relitigating and relitigating.

"So I'm going to grant the summary judgment against the counterclaim.

"Now, Mr. Waldrop has filed his complaint for eviction and he has failed to appear in the forum that he has chosen, for whatever reasons. Specifically asked for postponement of that deposition and that was specifically denied. He did not appear.

"The court is going to dismiss with prejudice his complaint filed in this action."

Appellant brought this appeal from that order.

 Dismissal with prejudice is one of the authorized sanctions permitted under Rule 37, W.R.C.P. The rule provides in part that the judge may make such orders in regard to the findings to comply with discovery "as are just," which include an order "dismissing the action or proceeding on any part thereof" with prejudice. We have previously held that the trial judge is given broad discretion with regard to Rule

37, W.R.C.P. sanctions even to the point of dismissing the action. *Matter of Mora's Estate*, Wyo., 611 P.2d 842 (1980). The question we must decide is whether the trial judge abused his discretion in dismissing appellant's claim with prejudice.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances." *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980). An abuse of discretion is that which shocks the conscience of the court and appears so unfair and inequitable that a reasonable person could not abide it. *Paul v. Paul*, Wyo., 616 P.2d 707 (1980). The decision of the trial judge will not be reversed unless there is a firm conviction that a clear error of judgment was committed. *United States v. Sumitomo Marine & Fire Insurance Company, Ltd.*, 617 F.2d 1365 (9th Cir.1980).

"The Wyoming Rules of Civil Procedure were designed to allow ample discovery. The rationale for this is that justice can be better served when the element of surprise is removed from a trial. * * * Little sympathy will be shown those who undermine the principles of discovery." *Caterpillar Tractor Company v. Donahue*, Wyo., 674 P.2d 1276, 1285 (1983). We have heretofore upheld entry of default for failure to answer interrogatories. *Zweifel v. State, ex rel. Brimmer*, Wyo., 517 P.2d 493 (1974). See, *Satterfield v. Sunny Day Resources, Inc.*, Wyo., 581 P.2d 1386 (1978). In the latter case the court concluded that there was no prejudice to the appellant because the evidence submitted to the court covered the material issues as to which default had been entered. The former case is like cases from other jurisdictions which have affirmed dismissals of actions for a failure to comply with proper discovery requests. In *Charter House Insurance Brokers, Ltd. v. New*

*Hampshire Insurance Company*, 667 F.2d 600 (7th Cir.1981), the court stated that although the judge must have considerable latitude in ordering sanctions, it was a well-settled rule that the court should tailor the chosen sanctions to the severity of the misconduct. In *Mestas v. Peters*, 280 Or. 447, 571 P.2d 888 (1977), the court affirmed a dismissal stating that the sanction was not too severe because everyone had bent over backwards to accommodate a plaintiff who would not be accommodated. See also, *Temora Trading Company, Ltd. v. Perry*, 98 Nev. 229, 645 P.2d 436 (1982). As a general rule, willful noncompliance must be shown before the case will be dismissed. *Oaks v. Rojcewicz*, Alaska, 409 P.2d 839 (1966).

■ The drastic nature of the remedy of dismissal has led courts to employ this sanction only on a clearest showing that such action is required, *Dunbar v. United States*, 502 F.2d 506 (5th Cir.1974). In *Poppell v. United States*, 418 F.2d 214 (5th Cir.1969), the case was dismissed because of a failure to answer interrogatories. The Fifth Circuit reversed the dismissal of the case holding that a failure to answer interrogatories on subjects which were moot did not require dismissal of the action. The trial judge should not go beyond the necessities of the situation to foreclose trial on the merits merely as punishment for general misbehavior. *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858 (5th Cir.1970).

■ In the case at bar, appellant's failure to attend was willful. The sanction appropriate for a Rule 37 violation must still be appropriate to the circumstances of the case and be "just." In the present case appellant claimed that he should prevail as a matter of law because the issues had been resolved in the previous litigation and settlement. The trial court seemingly accepted this claim when it dismissed appellees' counterclaim as having been adjudicated and barred by the settlement. It is obvious that appellees' proposed discovery concerning additional defects in the premis-

es after the settlement could not be relevant to the issue remaining before the court, i.e., whether appellees were in default in the payments due appellant. Appellees were not surprised nor prejudiced by their inability to depose appellant. They were not hampered in structuring a defense; any information gained would not have been helpful.

> "[Rule 7, W.R.C.P.] grants the court discretionary authority to impose the sanctions mentioned. It is true that where the authority to perform a proposed action rests within the discretion of the court we must allow considerable latitude in which he may exercise his judgment. But this does not mean that the court has unrestrained power to act in an arbitrary manner. Fundamental to the concept of the rule of law is the principle that reason and justice shall prevail over the arbitrary and uncontrolled will of any one person; and that this applies to all men in every status: to courts and judges, as well as to autocrats or bureaucrats. The meaning of the term 'discretion' itself imports that the action should be taken within reason and good conscience in the interest of protecting the rights of both parties and serving the ends of justice. It has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy." *Carman v. Slavens,* Utah, 546 P.2d 601, 603 (1976).

Here the trial court decided for appellant on the merits as to appellees' counterclaim; it then dismissed his claim to recover payments due on the purchase of the trailer court for noncompliance with requirements for discovery when discovery, as a matter of law, would not have been helpful. Under these circumstances, we find an abuse of discretion in dismissing appellant's claim with prejudice. Having found an abuse of discretion, we do not address the constitutional limits of a dismissal with prejudice as a sanction.

The decision of the trial court is, therefore, reversed.