Argued and submitted March 11, 1985, reversed and remanded with instructions
May 14, 1986

# PIERCY,
*Respondent,*

*v.*

# GOLDLEAF CORPORATION,
*Defendant,*

## McMAHAN,
*Appellant,*

## CALDWELL et al,
*Respondents.*

(82-1122C; CA A30911)

719 P2d 36

Keith L. Walker, Hillsboro, argued the cause and filed the brief for appellant.

Steven Scroggin, Beaverton, argued the cause for respondent James Piercy. With him on the brief was Scroggin & Mason, Beaverton.

No appearance for respondent Dick Caldwell, Caldwell Acceptance Corp. or Sammons Trucking Co.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant McMahan (defendant) appeals from an order refusing to set aside a judgment by default entered against him as a sanction for his failure to appear for a deposition pursuant to an order to compel discovery. ORCP 64B. We reverse and remand.

The affidavit of plaintiff's attorney and the circuit court record[1] show that, on July 6, 1983, following six weeks of trying to arrange for defendant's deposition, plaintiff's attorney gave notice to take the deposition on July 21. On July 15, defendant's attorney moved for a protective order on the ground that defendant was out of the state. Defendant's deposition was then scheduled for September 13, 1983, but was canceled a few minutes before it was to start, because defendant was not available. After a hearing, the court signed an order to compel discovery on September 20, 1983, which stated, in relevant part:

> "IT IS HEREBY ORDERED that defendant James McMahon [sic] appear Tuesday, October 18, 1983, at 9:00 A.M. in the law offices of [plaintiff's attorney] and be deposed by * * * attorney for the plaintiff.

> "IT IS FURTHER ORDERED that if defendant James McMahon [sic] shall not appear on October 18, 1983, at 9:00 A.M. or at such other earlier time as the parties may agree, then James McMahon [sic] shall be held in default herein and default judgment on all counts entered accordingly."[2]

During the 30-day period covered by the order, two depositions were scheduled and cancelled.

In opposing plaintiff's motion for default after October 18, defendant's attorney by affidavit stated that defendant resides in Texas, that he had missed one deposition because a flood in Arizona prevented him from traveling to

---

[1] The record of this case is a procedural nightmare. The case was filed on July 19, 1982. Defendant was served on August 18, 1982, by substituted service on his son. A judgment by default against defendant was entered on October 22, 1982, and was set aside on February 18, 1983. A second judgment by default was entered on March 21, 1983, and it was set aside by stipulation of the parties on May 18.

[2] The order was not in the trial court file at the time of entry of the judgment by default or at the hearing to set aside the judgment by default.

Oregon[3] and that another deposition was missed because of a car problem defendant had on his way to Oregon. In the affidavit, defendant's attorney further stated that, on October 17, 1983, he had called the other attorneys involved in the litigation, including plaintiff's attorney, and had told them that defendant would be available during October 17-21 for a deposition. The affiant then states:

"However, [plaintiff's attorney] advised me that he was busy on Tuesday morning, October 18, 1983 and since that day was the final day of the thirty (30) day period, he would move for a Default Judgment."

The trial court entered a default judgment on October 27, 1983, and defendant's motion to set aside the default was denied.

ORCP 46B gives a trial court authority to enter a judgment by default as a sanction for failure to appear for a deposition. The rule provides, in part:

"B.(2) If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"* * * * *

"B.(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

Plaintiff argues that the trial court did not abuse its discretion in entering a judgment by default in this case and relies primarily on *Mestas v. Peters*, 280 Or 447, 571 P2d 888 (1977), which affirmed the sanction of dismissal of the plaintiff's case pursuant to *former* ORS 45.190,[4] the statutory

---

[3] It is unclear from the record whether the deposition allegedly missed because of flooding was the one that was cancelled before the order to compel discovery was entered.

[4] *Former* ORS 45.190 provided, in part:

"If a party, or an officer or managing agent of a party, wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action, suit or proceeding is pending, on motion and notice, may, within the limitations required by due process, strike all or any part of any pleading of that party or dismiss the action or proceeding or any part thereof."

predecessor of ORCP 46B. *See Hahm v. Hills,* 70 Or App 275, 689 P2d 995 (1984). In *Mestas,* an order was entered for the plaintiff to appear for deposition and a medical examination by September 30, 1976. The record showed that notice of the order was given to the plaintiff by his attorney, but the plaintiff did not appear, stating that he had inadequate funds to come to Oregon from Alaska, where he lived. In November, 1976, the defendant moved to dismiss the plaintiff's case, and the motion was granted. The Supreme Court affirmed, holding that, although the order did not require the plaintiff to appear at a specific time and place, the leniency allowed in the court's order did not give the plaintiff the right not to appear at all.

Plaintiff argues that defendant's behavior here is even more extreme than that of the plaintiff in *Mestas* and that the trial court could disbelieve defendant's excuses for failing to appear for depositions. The difficulty with plaintiff's argument, however, is that the file does not show that defendant, like the plaintiff in *Mestas,* violated the court's order. Although we do not condone defendant's delaying tactics, the fact remains that defendant was ready to comply with the court order on the last day provided in the order.

Plaintiff does not dispute that defendant was present for a deposition within the time set by the court. Plaintiff cannot refuse to take advantage of that availability, wait for the time to expire and then apply for a judgment by default. Because, in the end, it was plaintiff's action and not defendant's which resulted in the violation of the order, judgment should not have been entered against defendant.[5]

Reversed and remanded with instructions to set aside the order of default and to vacate the judgment against appellant and for further proceedings.

---

[5] Because of our disposition of the case, we do not reach defendant's second assignment of error.