Argued and submitted January 22, affirmed April 14, reconsideration denied June 2, petition for review denied July 27, 1993 (317 Or 271)

Thomas BOLINE,
*Appellant,*

*v.*

Brian WHITEHEAD
and Leonard Gibson,
*Respondents.*

(89C-11492; CA A71548)

850 P2d 1128

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Keith J. Bauer, Salem, argued the cause for respondent Brian Whitehead. Lynn E. Ashcroft, Salem, argued the cause for respondent Leonard Gibson. With them on the brief were Billy M. Sime, and Parks, Bauer & Sime and Ashcroft & Rinehart, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

This is a personal injury case in which the trial court dismissed plaintiff's complaint and entered judgment for defendants because of plaintiff's failure to attend a court-ordered independent medical examination. Plaintiff appeals, and we affirm.

According to plaintiff's amended complaint, defendant Gibson, while employed as a security guard for defendant Whitehead, detained plaintiff at gunpoint and put plaintiff in fear of his life. Plaintiff sued Gibson for assault and false arrest and sued Whitehead for negligence in the selection, instruction and supervision of his employee. Trial was scheduled to begin July 22, 1991. On April 16, 1991, Gibson filed a motion for an order requiring plaintiff to appear for a psychiatric examination on May 22. Plaintiff appeared on that date, but the examination did not take place, because a dispute arose over whether plaintiff was entitled to tape record the event and because of the examining physician's concerns about plaintiff's hostile behavior.

On May 23, lawyers for all parties conferred with the trial court to reschedule the examination and to resolve the dispute concerning the tape recording. The trial court ordered plaintiff to appear for the examination, which was rescheduled for June 10. The court further ordered that plaintiff would be allowed to record the examination and that defendants would be allowed to have a second physician present. That same day, plaintiff's lawyer wrote to Gibson's lawyer seeking to impose certain conditions on the examination. Gibson's lawyer wrote back rejecting the proposed conditions. He suggested that plaintiff seek a protective order from the court, if he wanted to insist on the proposed examination conditions. Plaintiff's lawyer made no reply and did not seek a protective order. On June 10, plaintiff did not appear for the scheduled psychiatric examination.

Gibson moved for sanctions, based on plaintiff's failure to appear at the June 10 examination. He asked for, among other things, dismissal of the complaint and an order requiring plaintiff to reimburse Gibson for the standby fees charged by the physicians for the examination that did not take place. At the hearing on the motion for sanctions,

plaintiff's lawyer argued that the failure to appear was merely the result of a misunderstanding: He had assumed that the pending disagreement between the parties concerning the examination conditions effectively cancelled the examination; accordingly, he advised plaintiff not to appear.

The trial court ordered Gibson's lawyer to reschedule the examination and required plaintiff to attend it, with no conditions concerning the roles of any of the physicians present. The court also ordered plaintiff to pay $800[1] to defendants three days before the rescheduled examination and stated that it would dismiss plaintiff's complaint if he failed to make the payment or again failed to attend the examination.

After the hearing, Gibson's lawyer prepared a form of order stating that the next examination was scheduled for July 3. A copy of the proposed form of order was sent to opposing counsel. Gibson's lawyer also sent plaintiff's lawyer a letter, to confirm that the examination had been scheduled for July 3. Plaintiff's lawyer did not object to the proposed form of order, and, on June 24, the trial court signed it. Plaintiff failed to make the payment to defendants as the court had required, and he failed to appear for the examination.

Gibson moved to dismiss. Whitehead joined in the motion. The trial court set the matter for hearing on July 12. Plaintiff's lawyer failed to appear. The court rescheduled for July 16. Counsel for all parties appeared at that hearing. Plaintiff's lawyer opposed the motion on the ground that he had been on vacation from July 3 through July 10 and had not received any of the items sent to him concerning the July 3 examination. In a detailed letter opinion, the trial court concluded that the threat of dismissal apparently was insufficient to induce cooperation. It granted the motion to dismiss and entered judgment in favor of both defendants.

Plaintiff first assigns error to the court's dismissal of the complaint as a sanction for failure to attend the July 3 psychiatric examination. He argues that the court cannot impose such a severe sanction without an explicit finding that

---

[1] The trial court later lowered the figure to $675.

234

plaintiff or his lawyer acted wilfully or in bad faith. In the alternative, plaintiff argues, the court's decision simply is not supported by the facts.

■ We review the trial court's decision for abuse of discretion. *Martin v. Blakney*, 85 Or App 203, 204, 735 P2d 1294 (1987). ORCP 46B(2) provides, in relevant part:

"If a party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, including among others * * *:

"* * * * *

"B.(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering judgment by default against the disobedient party."

The rule does not require the court to make any particular findings before imposing the sanction of dismissal. It provides only that, when a party "fails to obey an order," the court may impose whatever sanction is "just."

■ Plaintiff argues that in *Hahm v. Hills*, 70 Or App 275, 689 P2d 995 (1984), we construed ORCP 46 to require the trial court to find that the disobedient party acted wilfully or in bad faith before imposing the severe sanction of dismissal. He is wrong. In *Hahm*, the trial court *sua sponte* entered a default judgment because of the defendant's failure to appear at a single deposition. The record reflected that the only facts known to the trial court at the time were that the defendant's lawyer had attempted unsuccessfully to contact the defendant to advise him of the scheduled deposition and that the defendant had not appeared at the scheduled deposition. We noted that the trial court made no findings that the defendant had acted wilfully or in bad faith. However, we did not decide that it was required to make such a finding. Instead, we concluded that the facts known to the trial court at the time of its ruling, taken as a whole, provided "an insufficient predicate" for the imposition of the sanction of a default judgment. 70 Or App at 281.

Here, in contrast to *Hahm*, the facts known to the trial court at the time of its ruling, taken as a whole, provide a

more than adequate basis for its dismissal of plaintiff's case. Plaintiff's psychiatric examination had to be cancelled not once, but twice due to the conduct of plaintiff and his lawyer. After the second cancellation, the trial court imposed lesser sanctions, but without any apparent effect. The court ordered. a third examination date and cautioned plaintiff that another failure to appear would result in dismissal of his case. Plaintiff's lawyer then was mailed three separate notices and was telephoned at least once concerning the final rescheduling of the examination, and still plaintiff failed to appear. That plaintiff's lawyer had chosen to leave on vacation at the time is no excuse. He offered no reason for the complete lack of effort to learn when the examination was to take place before leaving, or to make arrangements to have his mail checked and messages responded to during his absence, which occurred less than two weeks prior to trial. The trial court considered the possibility of once again imposing some lesser sanction, but, in the end, it concluded that, if the explicit threat of dismissal already had failed to induce cooperation, the continued imposition of lesser sanctions was unlikely to produce any different results. We cannot say that the trial court abused its discretion in reaching that conclusion.

Plaintiff's other assignment of error does not require discussion.

Affirmed.