Argued and submitted January 18, vacated in part; reversed and remanded in part May 4, petition for review denied August 9, 1994 (319 Or 572)

WESTERN RIDGE LAND COMPANY,
Mark A. Pallansch,
Thousand Hills Land and Livestock, Inc.,
and Robert H.S. Jacobson,
*Respondents,*

*v.*

Richard L. ZIMMERLEE
and Heidi Zimmerlee,
*Appellants,*

*v.*

Alfred OSUNA,
Wilfredo Gonzalez and Feliciano Sanchez,
*Defendants - Third-Party Plaintiffs,*

*v.*

WEST ONE BANK,
a National Banking Association,
*Third-Party Defendant.*

(89-10-0331 CV; CA A76553)

873 P2d 1099

Claud Ingram filed the briefs for appellants.

J. Marshall Gilmore argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendants[1] appeal a judgment arising from an order of default and a supplemental judgment awarding attorney fees to plaintiffs after their answer, affirmative defenses and counterclaims were stricken by the court as sanctions for failing to comply with a discovery order. ORCP 46B(2)(c). Defendants also assign error to the trial court's granting of plaintiffs' motion to impose sanctions. We reverse.

Plaintiffs' complaint was filed in October, 1989, for a declaration that certain agricultural liens filed by defendants were invalid. In March, 1990, defendants answered and counterclaimed, seeking foreclosure of the liens. In October, 1991, attorney Gillmore, on behalf of plaintiffs Western Ridge Land Company (Western), Pallansch and Thousand Hills Land and Livestock, Inc., filed a request for production by defendants of various discoverable documents. Attorney Coughlin, on behalf of plaintiff Jacobson, filed a similar request in November, 1991. After defendants did not respond to the requests, plaintiffs formally moved to compel production. Those motions were served on defendants' attorney in February, 1992. The motions made requests for a telephone hearing. Defendants did not respond to the motions. The trial court held a hearing on May 11, 1992, to consider the motions to compel. Defendants' attorney did not participate.

At the hearing, the court ordered that all discovery was to be completed by June 8, 1992. At the court's request, Coughlin drafted a proposed order that stated, in part:

> "5.   All discovery materials as indicated in Plaintiff Pallansch's motion to compel and Plaintiff Jacobson's motion to compel shall be delivered by Defendant Zimmerlee by June 8, 1992. All other discovery as requested by any other party shall also be delivered and all discovery shall be completed by that date.
>
> "* * * * *

---

[1] Defendants - third-party plaintiffs, Osuna, Gonzalez and Sanchez, and third-party defendant West One Bank are not parties to this appeal. Our references to defendants are to Richard and Heidi Zimmerlee.

"8.   If the discovery is not delivered by the date set forth above[,] the court will impose sanctions including the striking of *a party's pleadings who does not comply.*"

A copy of the proposed order was sent by certified mail to defendants' attorney on May 18, 1992. The order was submitted to and signed by the court on May 27, 1992. Apparently, no copy of the signed order was served on defendants' attorney.

Plaintiffs did not receive any documents from defendants by the deadline stated in the order and, on June 10, 1992, Jacobson's attorney filed a motion requesting that defendants' answer and counterclaim be stricken as a sanction for their failure to provide discovery. The trial court granted the motion on the same day. On June 12, 1992, defendants' attorney filed an affidavit with the court stating that he had not had notice of the hearing that was held on May 11, 1992, that he did not receive a copy of the order setting the discovery deadline until two days after the deadline, and that he had the discoverable documents in his possession. He requested ten additional days to deliver the documents to plaintiffs. The trial court did not respond to his request. On July 2, 1992, plaintiffs moved for an order of default, which the trial court granted on the same day. The court heard the case as a default proceeding and entered judgment in favor of plaintiffs on August 7, 1992. A supplemental judgment awarding attorney fees to plaintiffs was entered on June 11, 1993.

Defendants argue that the trial court abused its discretion in imposing the sanction of striking the pleadings and entering an order of default. First, they say that the court erred in entering the order of default, because plaintiffs failed to comply with ORCP 69A, which provides, in part:

"If the party against whom an order of default is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order of default, then the party against whom an order of default is sought *shall be served with written notice of the application for an order of default at least 10 days,* unless shortened by the court, *prior to the entry of the order of default.*" (Emphasis supplied.)

Plaintiffs concede that they did not serve defendants with written notice of their application for an order of default.[2] However, relying on *Stronach v. Ellingsen*, 108 Or App 37, 814 P2d 175, *rev den* 312 Or 151 (1991), and ORCP 46B(2)(c), they argue that they were not required to give notice of an application for default under ORCP 69A.[3] We believe that the order of default is defective for a more fundamental reason: it was based on a nonexistent discovery violation.

ORCP 46B(2) provides various sanctions that a trial court may impose if a party "fails to obey *an order* to provide discovery." (Emphasis supplied.) Under the rule, there must be an order of which the party has notice and which has been violated before sanctions may be imposed against the offending party. In this case, the trial court made an oral order about discovery on May 11, 1992. However, it was not until the order was reduced to writing, signed by the court and sent to defendants' attorney, that defendants knew what documents they were required to produce and when they were required to produce them. Defendants' attorney's affidavit avers that he did not receive a copy of the signed order establishing the discovery deadline until after the deadline had expired. That claim is uncontroverted in the record. The fact that defendants' attorney was sent a copy of the *proposed* order is not evidence that he knew that the order had been signed as presented to the court. Had plaintiffs served a copy of the signed order on defendants, the predicate for a claim of a discovery violation would have existed. However, there can

---

[2] An affidavit of plaintiff Jacobson's attorney, attached to his motion for order of default, states:

"No notice of intent to take a default was sent to [defendants'] attorney since it would be a fruitless task to do so. [Defendants' attorney], I am sure, is aware that this [is] coming, yet, as the result of the court's order, he is prohibited from filing any further appearance."

[3] In *Stronach v. Ellingsen, supra*, the plaintiff argued that the trial court was required to follow the procedure for entry of a default judgment under ORCP 69 before it could dismiss his complaint as a sanction for his failure to comply with discovery. We held that the requirements of ORCP 69 were not implicated, because the defendant "requested a dismissal under ORCP 46B(2)(c) for discovery violations, not a default judgment." 108 Or App at 40; *see Kilgore v. Protran Transmission, Inc.*, 94 Or App 44, 764 P2d 587 (1988). Here, the relief requested by plaintiffs is a default judgment. Therefore, if we were to affirm the trial court's order striking defendants' pleadings, we would nonetheless set aside the default judgment due to plaintiffs' failure to comply with the notice requirements of ORCP 69.

be no violation of a discovery order unless the party subject to it is aware of what is required and does not comply with it.

Under the circumstances of this case, we conclude that the trial court was not authorized under ORCP 46B(2) to strike defendants' pleadings for violating a discovery order. For that reason, we reverse the default judgment and the supplemental judgment for attorney's fees, and vacate the order of default and the order striking the pleadings.

Order of default and order striking pleadings vacated; default judgment and supplemental judgment for attorney's fees reversed and remanded.