Submitted on record and briefs March 10, remanded with instructions October 25, 1995, petition for review denied February 20, 1996 (322 Or 613)

# In the Matter of the Marriage of

## Romuald KOSATKA,
*Appellant,*

*and*

## Gunilla KOSATKA,
*Respondent.*

## (9307-65381; CA A84227)

904 P2d 195

Barry L. Adamson filed the brief for appellant.

Gunilla Kosatka filed the brief *pro se*.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals a dissolution judgment, assigning error to the trial court's entry of an order imposing sanctions for husband's failure to comply with a discovery order and to the court's division of property. We reach only the issue of sanctions and remand.

Husband and wife married in 1988. Husband brought into the marriage $423,000, which he had obtained through settlement of a personal injury claim several years earlier. During the parties' marriage of nearly six years, they lived on the interest from at least a portion of the settlement money. The extent to which they did so is disputed.

After husband filed a dissolution petition, wife served a request for production of documents, to which husband did not respond completely. Wife moved to compel production of the requested documents. At a hearing on wife's motion, on October 20, 1993, the trial court granted the motion and ordered husband to respond to the outstanding discovery requests within two days. A written order to that effect was not entered until November 15, 1993. When, after several months, husband did not respond completely, wife moved for sanctions. After a hearing, the trial court granted wife's motion and entered an order finding that husband had failed to comply with the prior order to compel and earlier discovery requests and, citing ORCP 46 B(2)(c), imposed the following sanctions: (1) striking from husband's petition allegations that he is entitled to child support, that he is entitled to have wife pay one-half of the child's health care expenses, that husband should not be required to pay spousal support and that each party should be required to pay his or her own attorney fees; (2) prohibiting husband from opposing wife's claim to a portion of the marital property; and (3) prohibiting husband from introducing into the record any evidence concerning the property division and allocation of the indebtedness of the parties. Shortly thereafter, the court entered a dissolution judgment awarding wife one-half the interest on the investments from the personal injury settlement.

On appeal, husband argues that the trial court erred in imposing sanctions against him and in awarding wife

one-half of the invested settlement proceeds. As to the imposition of sanctions, husband first argues that the trial court erred in imposing sanctions against him for failure to comply with the court's discovery order, because there was no valid discovery "order" with which to comply. According to husband, the order was effective only upon entry in writing, and, by the time the trial court entered the order in this case, the two-day deadline for compliance had already passed. Husband concludes that, because it was at that point impossible to comply with the order, it was not valid to begin with. In support of his argument, husband relies on *Western Ridge Land Co. v. Zimmerlee*, 127 Or App 705, 873 P2d 1099, *rev den* 319 Or 572 (1994).

In reviewing the trial court's decision to impose sanctions under ORCP 46 B(2), we reverse only upon an abuse of discretion. *Boline v. Whitehead*, 119 Or App 230, 234, 850 P2d 1128, *rev den* 317 Or 271 (1993). The court's failure to comply with the applicable rules is such an abuse of discretion. *See Hahm v. Hills*, 70 Or App 275, 280-81, 689 P2d 995 (1984).

ORCP 46 B(2)(c) provides that a trial court may impose various sanctions if a party "fails to obey an order to provide or permit discovery." The rule does not say that the party must have failed to obey only a *written* order to provide discovery. Husband does not cite any authority that holds otherwise, and we are aware of none. In this case, the trial court ordered, orally, that husband respond to wife's discovery requests within two days, and husband failed to comply. Husband, therefore, "fail[ed] to obey an order to provide or permit discovery," within the meaning of ORCP 46 B(2)(c).

Our decision in *Zimmerlee* is not to the contrary. In that case, the plaintiffs moved to compel the production of documents. The defendants did not respond to the motions and did not appear for the hearing on the motions. At that hearing, the trial court ordered the defendants to complete all discovery by a specified date, but a copy of the written, signed order was not served on the defendants. When the discovery deadline passed with no response from the defendants, the plaintiffs moved for, and obtained, sanctions. On appeal, we reversed, holding that there had been no violation of a discovery order. Under ORCP 46 B(2)(c), we held:

"[T]here must be an order of which the party has notice and which has been violated before sanctions may be imposed against the offending party. In this case, the trial court made an oral order about discovery * * *. However, it was not until the order was reduced to writing, signed by the court and sent to defendants' attorney, that defendants knew what documents they were required to produce and when they were required to produce them. Defendants' attorney's affidavit avers that he did not receive a copy of the signed order establishing the discovery deadline until after the deadline had expired. That claim is uncontroverted in the record. * * * Had plaintiffs served a copy of the signed order on defendants, the predicate for a claim of a discovery violation would have existed. However, there can be no violation of a discovery order unless the party subject to it is aware of what is required and does not comply with it."

127 Or App at 709-10.

In this case, defendant appeared on his own behalf at the hearing on the motion to compel and was aware of the trial court's oral order at the time it was issued from the bench. Although the order was not reduced to writing until after the deadline for compliance had passed, the order itself preceded that date, husband was aware of it and could have complied with it. His reliance on *Zimmerlee*, therefore, is misplaced.

Husband next argues that the trial court erred in imposing sanctions, because it failed to make a finding that he had acted willfully or in bad faith. Husband contends that, under *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), sanctions for failure to obey a discovery order may be imposed only upon such explicit findings.[1] We agree. In *Pamplin*, the Supreme Court held that

"a trial court that imposes the sanction of dismissal under ORCP 46 B(2)(c) must make findings of fact and must

---

[1] Husband acknowledges that he did not object to the trial court that it had failed to make specific findings concerning his degree of fault. He nevertheless argues that the matter is an error of law apparent on the face of the record, ORAP 5.45(2), and therefore subject to our discretionary review under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). Wife does not dispute that. We agree with husband, and, because of the significant consequences of the sanctions imposed by the trial court, we exercise our discretion to review husband's argument.

explain why that sanction is 'just'; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required * * *.''

*Id.* at 437. In this case, the trial court found only that husband had failed to comply with the court's prior order and with wife's requests. Under *Pamplin*, that is insufficient, and the trial court erred in imposing sanctions under ORCP 46 B(2)(c) without making the necessary findings.

Remanded to make findings consistent with the sanctions imposed or to allow a new trial. No costs to either party.