Argued and submitted January 14, judgment of contempt reversed and remanded; otherwise affirmed April 27, 2005

In the Matter of the Marriage of

Roberta L. HARRIS,
nka Roberta L. Olson,
*Appellant,*

*and*

Gregory F. HARRIS,
*Respondent.*

15-02-11947; A121622

111 P3d 1140

Elaine D. Smith-Koop argued the cause and filed the briefs for appellant.

Jeffrey E. Potter argued the cause for respondent. With him on the brief was Gardner, Honsowetz, Potter, Budge & Ford.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

SCHUMAN, J.

---

* Wollheim, J., *vice* Richardson, S. J.

## SCHUMAN, J.

Wife assigns error to six rulings that the trial court made in this dissolution of marriage case. Five deal with the court's property division; on *de novo* review, ORS 19.415(2), we affirm them without discussion. The sixth assignment of error deals with the court's order holding wife in contempt for failing to notify husband that she had vacated the marital residence. On that issue, we reverse.

■ In its property division, the trial court awarded the marital residence to husband and ordered wife to vacate within 30 days of receiving a sum of money from husband. She did so, moving out by May 28, 2003. When she moved, she did not inform husband. At that time, husband was the subject of a restraining order that prevented him from going to the house to see if it was still occupied.

The restraining order expired in June. Around that time, husband visited the residence and found nobody home. That same day, police called on husband and asked why he had been there. He showed them the court order and explained that he was legitimately entitled to occupy the property. He presumed that wife had been in the house when he went there, that she did not answer the door, and that she then called the police. Accordingly, he filed a motion and order to show cause seeking remedial contempt against wife for failure to vacate according to the terms of the dissolution judgment. As noted above, however, wife had moved out; the police were apparently called by a neighbor.

The fact of wife's timely departure emerged at the subsequent contempt hearing. The court nonetheless found wife in contempt for failure to notify respondent or the court of her departure, either when it occurred or when she first learned that a contempt hearing was scheduled. The contempt judgment ordered her to pay the attorney fees that husband had incurred by virtue of his attorney having had to prepare for and participate in the contempt hearing:

> "IT IS HEREBY ORDERED that [wife] shall pay [husband's] attorney fees for preparing for and participation in the hearing on this motion, the Court having found that neither [wife] nor her attorney advised [husband] or his

attorney that [wife] had previously moved out of the family residence at issue when [wife] had knowledge of this motion since at least July 8, 2003 when served with a copy of this motion and order."

On appeal, wife contends that she cannot be held in contempt for violating a condition that the trial court never imposed, that is, that she inform the court or husband when she vacated the house. We agree.

■      A person may be held in contempt for "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments." ORS 33.015(2)(b). "[A] *prima facie* case of contempt is shown by proof of (1) the existence of a valid court order; (2) the contemnor's knowledge of the order; and (3) voluntary noncompliance with the order." *Couey and Couey*, 312 Or 302, 306, 821 P2d 1086 (1991); ORS 33.055(11).

■      The order in the present case did not specifically require wife to notify husband when she moved out of the family residence. Husband, however, argues that the notice requirement was a "necessary implication" of the order and that therefore her failure to notify can serve as the basis for the contempt. He bases that argument on *Macleay Estate Co. v. Bailey*, 132 Or 350, 285 P 809 (1930). In that case, the court mentioned in passing that a decree imposing limits on the general "use" of a particular roadway "included by necessary implication" limits on the use of the roadway for the purpose of mooring boats. *Id.* at 359. Thus, the case stands only for the unremarkable proposition that a general term includes, by necessary implication, its specific components. It does not stand for the proposition that one term might necessarily imply an additional and separate term; indeed, the opinion restates the general rule that " '[i]n contempt proceedings for its enforcement, a decree will not be expanded by implication * * * beyond the meaning of its terms * * * and the facts found must constitute a plain violation of the decree so read.' " *Id.* at 356-57 (quoting *Terminal Railroad Assoc. v. United States*, 266 US 17, 29, 45 S Ct 5, 69 L Ed 150 (1924)).

Wife's failure to notify husband when she vacated the house was separate and distinct from the act of moving out; clearly, one can do the former without doing the latter,

and vice versa, whereas one cannot moor a boat on a roadway without, by necessary implication, using the roadway. Thus, reading a notice requirement into the requirement to vacate is the sort of expansion that the court in *Macleay* cautioned against. The trial court never ordered wife to inform anybody when she vacated the house. Husband, then, has failed to prove that wife violated a court order, much less that she did so willfully.

Judgment of contempt reversed and remanded; otherwise affirmed.