Submitted March 30, reversed and remanded May 4, 2016

In the Matter of the Marriage of
Alyssa Marie ASKA,
*Petitioner-Appellant,*
*and*

Bryan Alexander HASSON,
*Respondent-Respondent.*

Marion County Circuit Court
13C30098; A158263

373 P3d 1219

Elaine D. Smith-Koop filed the brief for appellant. With her on the brief was Elaine D. Smith-Koop, LLC.

No appearance for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## DUNCAN, P. J.

In this dissolution case, wife appeals a "General Judgment of Dissolution of Marriage" that, by its terms, was based on a purported stipulated agreement. Wife argues that the trial court erred in entering the judgment, because wife did not sign the judgment or agree to its provisions.[1] We agree with wife, and, accordingly, reverse and remand.

The facts are largely procedural, although we provide some background information regarding the parties' marriage and separation. The parties were married in 2007, and they have a son and daughter together. The parties resided together in Eugene, Oregon until July 2011, when they moved to Canada. The parties separated in December 2011, and husband returned to Oregon.

Wife petitioned for dissolution of the parties' marriage on January 22, 2013. At that time, the parties' son and daughter were five and two years old, respectively. Husband filed a general response on April 24, 2013.[2] According to an entry in the Oregon Judicial Information Network report for this case, on July 2, 2014, someone from husband's attorney's office notified the trial court that the parties had settled their dissolution case and that a judgment was being circulated.

On September 22, 2014, wife changed attorneys. On October 13, 2014, the trial court entered an Order of Dismissal and Conditional General Judgment, stating that the parties were "not prosecuting their claim[s] or defenses with reasonable diligence" and that the action would be dismissed on October 31, 2014, unless "[t]he above stated

---

[1] Generally, a party may not appeal a stipulated judgment unless that judgment "specifically provides that the party has reserved the right to appellate review of a ruling of the trial court." ORS 19.245(3)(a). However, the validity of a stipulated judgment can be challenged on appeal on the ground that the party did not consent to it. *Hoogendam and Hoogendam*, 273 Or App 219, 220 n 1, 359 P3d 376 (2015); *Brown and Shiban*, 155 Or App 238, 241-43, 963 P2d 105 (1998), *rev den*, 328 Or 594 (1999). Because that is the nature of wife's challenge in this case, the judgment is appealable.

[2] Husband's response states only that "[husband] appears[,]" and that he "reserves the right to file an amended Response to Petitioner's Petition for Dissolution of Marriage, as may be appropriate." Husband never filed an amended response.

defect is cured before October 31, 2014[.]" Thereafter, husband's attorney sent the trial court a proposed stipulated general judgment, which set husband's monthly child support obligation at $200 and made that obligation retroactive to June 1, 2014. On October 29, 2014, the trial court vacated its order of dismissal. Two days later, on October 31, 2014, wife's new attorney filed a "Motion To Reinstate Case; Objection To Judgment," in which she asserted:

> "[Wife's previous attorney] had prepared a proposed Stipulated General Judgment of Dissolution, but left the child support amount blank, and sent it to [husband's attorney]. [Husband's attorney] filled in $200 per month child support, an amount significantly lower than the presumed child support amount. Wife did not and does not agree to $200 per month child support. [Wife's previous attorney] improperly and without authority reported the case settled."

She also asserted:

> "Wife did not and does not agree to *** Husband's proposal that his child support be retroactive to June 1, 2014. Husband was served with the Summons and Petition for Dissolution on March 14, 2013. The Petition requests that child support payments should: 'Commence on the date that Husband is served with a copy of this Petition....' Therefore, child support should be retroactive to March 14, 2013, not June 1, 2014. Wife never agreed to forego guidelines child support or a retroactive date later than March 14, 2013, the date Husband was served with the petition.

> "Based on the forgoing good cause shown, *** Wife requests that this matter be reinstated, and placed on the trial docket.

> "For the reasons set forth herein, Wife objects to the proposed Stipulated General Judgment of Dissolution of Marriage submitted by Husband's attorney."

That same day, the trial court signed and entered the "General Judgment of Dissolution of Marriage" that had been submitted by husband's attorney, which includes the $200 child support obligation retroactive to June 1, 2014. The judgment states that, "As evidenced by the signatures below the parties have entered a stipulated agreement."

However, the purported "stipulated" judgment only includes husband's signature; although there is a space for her signature below the heading "IT IS SO STIPULATED[,]" wife did not sign the judgment. Finally, at no point during the pendency of the dissolution case was there a hearing on the record. As such, no settlement was ever placed on the record by the parties or their attorneys.

On appeal, wife asserts that the trial court erred as a matter of law by entering a general judgment based on a stipulated agreement where wife "did not sign the judgment, did not stipulate to the judgment, no settlement was placed on the record, and no evidentiary hearing or trial was held." As she did in her written objection in the trial court, wife specifically takes issue with the trial court's imposition of $200 child support and the effective date of that obligation.

We begin with the relevant law. A trial court's authority to enter a judgment based on a stipulation of the parties is described in ORCP 67 F, which provides, in part:

> "(1)  * * * At any time after commencement of an action, a judgment may be given upon stipulation that a judgment for a specified amount or for a specific relief may be entered. The stipulation shall be by the party or parties against whom judgment is to be entered and the party or parties in whose favor judgment is to be entered. If the stipulation provides for attorney fees, costs, and disbursements, they may be entered as part of the judgment according to the stipulation.
>
> "(2)  * * * The stipulation for judgment *may be in a writing signed by the parties, their attorneys, or their authorized representatives.* That writing shall be filed in accordance with Rule 9. The stipulation may be subjoined or appended to, and part of, a proposed form of judgment. *If not in writing, the stipulation shall be assented to by all parties thereto in open court.*"

(Emphases added.)

Specifically regarding stipulated judgments in marital dissolution proceedings, ORS 107.104 provides, in part:

> "(1)  It is the policy of this state:
>
> "(a)  To encourage the settlement of suits for marital annulment, dissolution or separation; and

"(b)  For courts to enforce the terms of settlements described in subsection (2) of this section to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy.

"(2)  In a suit for marital annulment, dissolution or separation, the court may enforce the terms set forth in a stipulated judgment signed by the parties, a judgment resulting from a settlement on the record or a judgment incorporating a marital settlement agreement:

"(a)  As contract terms using contract remedies;

"(b)  By imposing any remedy available to enforce a judgment, including but not limited to contempt; or

"(c)  By any combination of the provisions of paragraphs (a) and (b) of this subsection."

In summary, settlement of marital dissolution cases is encouraged and trial courts have the authority to enter a stipulated judgment in such a case, so long as (1) the judgment is in writing and signed by both parties, their attorneys, or their representatives, or (2) the stipulation is "assented to" by the parties on the record.

In *Hoogendam and Hoogendam*, 273 Or App 219, 359 P3d 376 (2015), we applied the above provisions to facts similar to those we face here. In *Hoogendam*, the parties reached agreements, on the record in open court, regarding parenting time, child support, and the distribution of assets. The husband's attorney later submitted to the trial court a proposed stipulated judgment that did not correspond to the agreements the parties had put on the record. *Id.* at 220-22. The wife objected to the husband's proposed judgment, asserting that it was inconsistent with the parties' agreements. *Id.* at 223. Despite the wife's objections, the trial court signed and entered the husband's proposed judgment. The judgment stated that "Husband and Wife's signatures on this stipulated judgment evidence their intent that the agreement embodied in this stipulated judgment will be enforceable," but neither party had signed the judgment. *Id.* at 223-24 (internal quotation marks omitted).

On appeal, we described the differences between the trial court's judgment and the parties' stipulated agreement

and we stated that "[i]t is our understanding that it was because of those differences that wife objected to and refused to sign the proposed judgment." *Id.* at 226. Therefore, we concluded that "the court erred when it signed and entered a purported 'Stipulated General Judgment of Dissolution of Marriage' that was not signed or agreed to by both parties and that incorporated documents that included terms not agreed upon by the parties on the record." *Id.* at 226-27.

The situation is the same in this case: wife did not sign the judgment, nor did she assent, in open court, to the provisions in the judgment. Accordingly, the statutory requirements for the trial court to enter a judgment upon stipulation were not satisfied, and we must reverse and remand.[3]

Reversed and remanded.

---

[3] As mentioned, in her objection to the judgment husband submitted, wife's second attorney stated that wife's first attorney had "improperly and without authority reported the case settled." The record contains no evidence regarding any such report, and, even if wife's first attorney had reported the case settled, that fact would not lead to a different conclusion because, without a signature from wife, her attorney, or an authorized representative, or an on-the-record statement of the terms of the settlement, the trial court lacked authority to enter the judgment as a stipulated judgment.