AOYAGI, J.
*295 Defendant appeals a contempt judgment. Plaintiffs brought a civil action against defendant, and later filed this separate but related contempt action. The parties eventually reached an oral settlement agreement regarding their outstanding disputes, the terms of which they read into the record in open court. The parties intended to reduce their oral agreement to writing but failed to do so. Meanwhile, according to plaintiffs, defendant violated the oral agreement. On plaintiffs' motion, the trial court held a contempt hearing, after which it entered a judgment against defendant for "willful contempt of the Settlement Agreement that was put on the record on December 3." We agree with defendant that the trial court lacked authority to hold her in contempt for violating the settlement agreement. Accordingly, we reverse.
The relevant facts are undisputed and largely procedural. Plaintiff Brim is an individual residing in Jackson County, and the other plaintiffs are corporations with which Brim is affiliated. Defendant is an individual residing in Alaska. In connection with a personal dispute, defendant began making negative statements about plaintiffs on the internet and elsewhere. Plaintiffs brought a civil action against defendant for defamation, intentional interference with economic relations, and false light. Plaintiffs sought both damages and injunctive relief.[1]
In June 2015, defendant stipulated to entry of a preliminary injunction in the civil action. Defendant was enjoined from making any new communications to third parties about plaintiffs and from publishing any statements about plaintiffs on the internet, via email, or otherwise. In October 2015, plaintiffs filed this contempt action, seeking to have defendant held in contempt for violating the preliminary injunction. The trial court held a hearing on the matter on December 3, 2015.
During a recess at the hearing, the parties reached an oral settlement agreement to resolve both the civil action *296 and the contempt matter. Counsel notified the court of the settlement after recess, and plaintiffs' counsel read the terms of the settlement into the record, with some clarifications by defendant's counsel. Essentially, the parties agreed that they would prepare a written settlement agreement, including mutual releases, and that, in conjunction with that agreement, defendant would stipulate to a permanent injunction and plaintiffs would stipulate to dismissal of their claims. The court would retain jurisdiction to enforce the permanent injunction through contempt proceedings. Both Brim and defendant personally affirmed on the record that they agreed to be bound by the settlement terms as represented *777 to the court. Defendant, through counsel, also agreed to begin removing her negative online postings about plaintiffs because, as plaintiffs' counsel put it, there was "no reason for delay on that."
Near the end of the proceeding, the trial court pointedly told defendant, who had not been entirely cooperative with proceedings up to that juncture, that it would not look favorably on her trying to get out of the settlement that she had negotiated with plaintiffs:
"THE COURT: * * * Ms. Lewis, you know, a lot of concessions have been made by you, I'm sure, today as well as plaintiffs. But I want to be really clear about this to the extent I retain jurisdiction and this thing comes in front of me. I will not be-look kindly on any effort by you to back door some way to finagle a way to beat this back. We have tried to the best of our ability to make a deal that works for all the parties, but there's not a deal out there that somebody can't figure a way to try to, you know, jimmy, if you will, try to come up with a way to get around it. If you do that, and believe me, I will look for it, there's not going to be a whole lot of sympathy for you."
Defendant, who was appearing by telephone, stated that she understood.
In January 2016, plaintiffs filed a motion for an order to show cause why defendant should not be held in contempt for "willfully failing to comply with the Settlement Agreement." The parties had been unable to agree on and execute a written settlement agreement. Plaintiffs contended, *297 however, that the oral settlement agreement was binding and that defendant had violated it.[2] The trial court scheduled a contempt hearing in March. When defendant did not appear, the court issued a bench warrant based on her failure to appear, and it continued the hearing to May. A new attorney then filed an appearance for defendant, but that attorney withdrew a few weeks before the May hearing date. Defendant then filed a pro se opposition to the contempt proceeding, as well as a request to appear by telephone at the May hearing, which the court denied.[3]
The continued hearing took place on May 23, 2016. Defendant did not appear, nor did any attorney appear on her behalf. Plaintiffs put on their evidence. The court found defendant in contempt and, on July 6, entered a judgment against defendant for "willful contempt of the Settlement Agreement that was put on the record on December 3." Specifically, the court found that defendant had targeted plaintiffs on her website, sent emails to two media organizations, registered complaints with the Federal Aviation Authority, made comments on a news website, and delayed removal of her online postings, all in violation of the parties' oral settlement agreement.
Defendant appeals the judgment holding her in contempt. She does not challenge the factual findings underlying the judgment. Rather, she challenges the court's authority to hold her in contempt for not complying with a voluntary settlement agreement that was not yet the subject of any court order or judgment. Defendant argues that, notwithstanding the court's "enthusiastic approval" for the parties' settlement, their agreement was a private contract that was not subject to enforcement through the court's contempt powers. Plaintiffs respond that, when parties agree to be bound by settlement terms in open court, the terms acquire the effect of a court order or otherwise allow the court to hold a party in contempt for violating those terms.
*298 The legislature has recognized that trial courts have inherent judicial authority to impose remedial and punitive sanctions for contempt. ORS 33.025. Contempt is defined in ORS 33.015(2) as any of the following acts or omissions "done willfully":
"(a) Misconduct in the presence of the court that interferes with a court proceeding *778 or with the administration of justice, or that impairs the respect due the court.
"(b) Disobedience of, resistance to or obstruction of the court's authority, process, orders or judgments .
"(c) Refusal as a witness to appear, be sworn or answer a question contrary to an order of the court.
"(d) Refusal to produce a record, document or other object contrary to an order of the court.
"(e) Violation of a statutory provision that specifically subjects the person to the contempt power of the court."
(Emphasis added.)
Plaintiffs argue that, because the terms of the oral settlement agreement were put on the record at the December hearing, they constituted an "order" within the meaning of ORS 33.015(2)(b). We disagree. To establish contempt of court based on ORS 33.015(2)(b), plaintiffs had to prove that "(1) there was a facially valid court order, (2) the defendant knew of the order, and (3) the defendant voluntarily failed to comply with the order." State v. Graham , 251 Or. App. 217, 220, 284 P.3d 515 (2012) (punitive contempt); Harris and Harris , 199 Or. App. 300, 303, 111 P.3d 1140 (2005) (same standard for remedial contempt).[4] Plaintiffs may be correct that a court order need not be in writing to support a contempt sanction. See *299 Kosatka and Kosatka , 137 Or. App. 379, 383, 904 P.2d 195 (1995), rev. den. , 322 Or. 613, 911 P.2d 1231 (1996) (affirming imposition of discovery sanctions for failure to comply with "oral order" regarding discovery); but see Conley and Conley , 97 Or. App. 134, 137, 776 P.2d 860 (1989) ("a statement from the bench does not constitute an order or a judgment until it appears in a written order or judgment"). Even if that is so, however, it does need to be an order . Moreover, it must be an order that is certain and definite in its terms. Macleay Estate Co. v. Bailey , 132 Or. 350, 356, 285 P. 809 (1930) ("the act complained of must be so clearly defined in the order that it will appear with reasonable certainty that the order has been violated; hence, orders which are uncertain and indefinite in their terms will not sustain" a contempt judgment); see also Harris , 199 Or. App. at 303-04, 111 P.3d 1140 (refusing to imply additional terms into a court order for purposes of contempt).
In this case, the parties intended to propose a stipulated judgment and permanent injunction for the court to enter, but, because of the parties' impasse in drafting a written settlement agreement, no order or judgment had been entered at the time of the contempt hearing. The closest the court arguably came to an order was its warning to defendant that, in future proceedings, it would not look favorably on any efforts by her to wriggle out of the settlement agreement. That admonition did not constitute a court order. The court was clearly appreciative that the parties had reached a settlement in a contentious case, and it made statements to impress upon them, especially defendant, that a settlement is a serious matter. A reasonable person would not have understood, however, that the court was ordering her to comply with the terms of an oral settlement agreement or else face being held in contempt of court. A private agreement and a court order are fundamentally different. If the court meant to order the parties to comply with the oral settlement agreement, it needed to make that clear, and it needed to make the order certain and definite in its terms.[5]
*779 *300 Finally, we decline plaintiffs' request to exercise our discretion to affirm the contempt judgment on alternative bases that were not raised in the trial court. Plaintiffs argue that we may affirm on either of two alternative bases: (1) that defendant's actions in violation of the oral settlement agreement also violated the preliminary injunction, or (2) that defendant's failure to appear at the May hearing constituted contempt of the court's order to appear personally at that hearing. Plaintiffs do not address, however, the criteria that must be met before we will consider affirming on an alternative basis not raised in the trial court. See Outdoor Media Dimensions, Inc. v. State of Oregon , 331 Or. 634, 659-60, 20 P.3d 180 (2001). In any event, we will not affirm a judgment of contempt entered for violation of one court order (or purported court order) on the "alternative basis" that defendant violated an entirely different court order.
Accordingly, we conclude that the trial court erred in holding defendant in contempt of court for violating the parties' oral settlement agreement.
Reversed.

The civil action, Jackson County Case No. 15CV09360, is the subject of a separate appeal. See Brim v. Lewis , 292 Or. App. 301, 423 P.3d 807 (2018). Solely for context, we include some basic facts from the civil action in this opinion.

Although not directly relevant to this appeal, we note that defendant agrees that the oral settlement agreement is binding. See Brim , 292 Or. App. at 305-06, 423 P.3d 807.

It appears that the trial court received defendant's motion to appear by telephone on the morning of the hearing. Defendant told the court in her papers that the delay was due to a miscommunication with her former counsel.

Alternatively, plaintiffs argue that defendant's breach of the settlement agreement constituted disobedience of the court's "authority" or "process." See ORS 33.015(2)(b). Neither party has identified any helpful case law or legislative history as to the meaning and application of those terms in this context. We leave for another day their precise meaning. For present purposes, it is sufficient to say that we are unpersuaded that reading the terms of a settlement agreement into the record causes a subsequent breach of that agreement to become an act of disobedience of the court's "authority" or "process." We also note that there is no indication that the trial court relied on that portion of ORS 33.015(2)(b) to hold defendant in contempt.

Given our conclusion that the trial court did not order the parties to comply with the oral settlement agreement in this case, we do not consider and express no opinion on whether it would be appropriate to order parties to comply with a settlement agreement in the interim between it being read into the record and it being incorporated into the terms of a judgment.