AOYAGI, J.
*302 In this civil action, the parties reached a settlement agreement, the terms of which they read into the record in open court, and the trial court later entered a judgment based on that settlement. Defendant objected to the form of the judgment as containing terms materially different from the settlement agreement. Defendant appeals the judgment. For the reasons that follow, we reverse and remand.
The relevant facts are undisputed and largely procedural. Plaintiff Brim is an individual residing in Jackson County. The other plaintiffs are corporations with which Brim is affiliated. Defendant is an individual residing in Alaska. In connection with a personal dispute, defendant began making negative statements about plaintiffs on the internet and elsewhere. Plaintiffs brought this action against defendant for defamation, intentional interference with economic relations, and false light. Plaintiffs sought both damages and injunctive relief.
In June 2015, defendant stipulated to entry of a preliminary injunction that enjoined her from making any new communications to third parties about plaintiffs and from publishing any statements about plaintiffs on the internet, via email, or otherwise. A few months later, plaintiffs filed a contempt action against defendant, seeking to have her held in contempt for violating the preliminary injunction.[1] In December 2015, the parties reached an oral settlement agreement to resolve both this action and the contempt matter. They read the terms of their oral *809 agreement into the record at a hearing in the contempt action. At the time, they intended to reduce their agreement to writing and offer a proposed judgment to the court in the near future.
The parties were unable, however, to agree on the form of a written settlement agreement. Meanwhile, defendant engaged in conduct that plaintiffs viewed as violating the oral settlement agreement. Plaintiffs took two actions to address defendant's alleged violation of the oral settlement *303 agreement. First, plaintiffs sought and obtained a contempt judgment in the contempt action, holding defendant in contempt for "willfully failing to comply with the Settlement Agreement." Air Rescue Systems Corp. v. Lewis , 292 Or. App. 294, 296, 423 P.3d 775 (2018) (reversing contempt judgment). Second, plaintiffs sought and obtained a general judgment in this action. In their motion for entry of that judgment, plaintiffs argued that the parties' agreement had resolved all disputes between them, yet defendant "refuses to consummate the transactions agreed to by the settlement on the record." Plaintiffs offered to the court a proposed judgment that they described as "fully consistent" with the parties' settlement agreement. It included as an attachment a copy of an unsigned draft written settlement agreement. Defendant filed written objections to the proposed form of judgment. Defendant asserted that the proposed judgment and attached unsigned agreement "depart in material ways from the terms the parties agreed to."
The trial court held a hearing on plaintiffs' motion in March 2016. The court remarked that, given defendant's "five pages of objections," it appeared that the parties did not have a settlement after all, had never reached a meeting of the minds, and should go to trial. The court stated that it would not go through each of defendant's objections to "try to distinguish between fallacious arguments or not fallacious arguments." In lieu of "sorting out [defendant's] objections to judgment," the court asked plaintiffs' counsel about the possibility of plaintiffs filing a motion to enforce the settlement agreement as a means to determine whether there was in fact a settlement.
Plaintiffs' counsel then reminded the court that it had agreed at the December hearing that it would be available to assist, if necessary, if something got "bogged down in the paperwork."[2] Asked for her position, defendant's counsel *304 expressed willingness to work through defendant's individual objections with the court's assistance to see whether the parties could agree on a form of judgment. The court again declined to address defendant's objections individually, rejecting the idea that it would "go through this point by point and clean this mess up for you." Defendant's counsel began to respond, but the court cut her off, stating, "I have a better idea, why don't I draft the judgment and I'll sign it, and you'll live with it or you won't, but that's what it will be. How about that?" As defendant's counsel (who was appearing by telephone) began to respond, the court said over her, "That's what I'll do. I'll draft the judgment." The court declined plaintiffs' offer to provide a Word version of their proposed judgment as a "head-start" and ended the hearing.
Seven months later, the court entered a judgment. The judgment was identical to plaintiffs' proposed judgment, including attaching *810 the unsigned written settlement agreement provided by plaintiffs. Paragraph six of the judgment ordered the parties to execute the attached agreement and provided that, if any party refused to execute it, the judgment "shall operate as final and binding adjudication that such Settlement Agreement has been agreed to by the parties hereto, and all of the terms therein are fully binding on and enforceable by the parties as if the same had been signed by the parties." Defendant appeals, assigning error to the trial court's entry of the judgment-which both parties agree was entered as a stipulated judgment pursuant to ORCP 67 F-over her objection.
"A court's authority to enter a judgment based on a stipulation of the parties is described in ORCP 67 F."
*305 Hoogendam and Hoogendam , 273 Or. App. 219, 225, 359 P.3d 376 (2015). ORCP 67 F provides that, "after a commencement of an action, a judgment may be given upon stipulation that a judgment for a specified amount or a specific relief may be entered." ORCP 67 F(1). "The stipulation for judgment may be in a writing signed by the parties, their attorneys, or their authorized representatives." ORCP 67 F(2). "If not in writing, the stipulation shall be assented to by all parties thereto in open court." Id.
When parties agree to settlement terms on the record in open court and indicate their intention for the court to enter a judgment on those terms, that act typically satisfies the requirement of ORCP 67 F(2). See Aska and Hasson , 278 Or. App. 48, 53, 373 P.3d 1219 (2016) ; Hoogendam , 273 Or. App. at 225, 359 P.3d 376. For example, in Hoogendam , the parties agreed to settlement terms on the record at a hearing and stated that they would prepare a proposed judgment on those terms. 273 Or. App. at 221-22, 359 P.3d 376. The parties were unable to agree on the form of judgment, however, and the husband eventually submitted his own proposed judgment, to which the wife objected as containing terms materially different from the terms to which she had agreed on the record. Id . at 222-23, 359 P.3d 376. The trial court entered the judgment over the wife's objections, adding the notation, "Objections received and considered." Id . at 223, 359 P.3d 376. On the wife's appeal, the husband argued that the court had broad discretion to reject the wife's objections and enter his proposed form of judgment. Id . at 224, 359 P.3d 376. We reversed, holding that the trial court had erred when it "entered a purported stipulated judgment knowing that wife had not actually stipulated to the terms contained therein." Id . at 226, 359 P.3d 376.
In this case, defendant agrees that the parties entered into a binding oral settlement agreement on December 3, 2015, and she concedes that the trial court had the authority to enter a stipulated judgment based on the terms to which she assented in open court. The only issue is whether the judgment that the court entered accurately reflects those terms. Having compared the challenged portions of the judgment to the terms to which the parties *306 agreed in open court, we agree with defendant that the judgment materially differs in four ways.[3]
First, the judgment states that it "does not affect or conclude the contempt proceedings pending in related Case No. 15CN02970." On the record in open court, the parties agreed that the settlement would resolve "the contempt hearing today," i.e. , the contempt matter regarding defendant's alleged violation of the preliminary injunction that was the subject of the hearing on December 3, 2015. Defendant argues that the settlement required complete dismissal of the contempt action, including any contempt proceedings initiated after December 3, 2015. We reject that argument as an implausible interpretation of the agreement stated on the record. We do agree, however, that the judgment varies from the terms agreed on the record in that it does not dispose of the contempt matter regarding defendant's alleged violation of the preliminary injunction. Rather, it allows plaintiffs to resume pursuing that matter, and, indeed, plaintiffs have *811 done so indirectly. See Air Rescue Systems Corp. , 292 Or. App. at 300, 423 P.3d 775 (discussing plaintiffs' argument that a contempt judgment should be upheld on the alternative grounds that defendant violated the preliminary injunction).
Second, the judgment enjoins defendant from communicating to third parties about any of the three plaintiffs, any of their "agents and employees," or "any other entity, corporation, firm or company in which any of the plaintiffs are principal or agent." On the record in open court, the parties agreed only that defendant would not communicate to third parties about any of the three plaintiffs "or any entity that Burl Brim is a principal in" or "agent of." Expanding the universe of persons about whom defendant may not make third-party communications is a material difference.
Third, the judgment requires defendant to waive all technical or legal defenses to enforcement of the settlement agreement, including constitutional defenses. Plaintiffs may *307 have anticipated including that term in a written settlement agreement. Defendant did not stipulate to that materially different term in writing, however, or assent to it in open court. See ORCP 67 F(2) ("The stipulation for judgment may be in writing signed by the parties, their attorneys, or their authorized representatives. * * * If not in writing, the stipulation shall be assented to by all parties thereto in open court.").[4] The court erred in adding it to a stipulated judgment over defendant's objection.
Fourth, the judgment requires the parties to agree that the prevailing party in any suit, action, or other proceeding to enforce or interpret the settlement agreement will be entitled to recover reasonable attorney fees and costs. On the record in open court, the parties agreed only that any liability for attorney fees incurred prior to December 3, 2015, would be "thrown in the hopper as part of the release," such that neither party "would be asking for any money or attorney fees." Nothing was said about future attorney fees. Again, plaintiffs may have anticipated including an attorney fee provision in the written settlement agreement. Such provisions, which intentionally deviate from the norm that parties bear their own fees and costs in litigation, are not uncommon in settlement agreements. Defendant did not stipulate to the term in writing or assent to it open court, however, so the court erred in including it in a stipulated judgment over defendant's objection. See ORCP 67 F.
Defendant's remaining objections to the judgment were not well taken, and the trial court did not err in rejecting those. Defendant contends that the judgment is materially different from the parties' oral settlement agreement because it precludes her from "making" and "uttering" statements about plaintiffs whereas the oral agreement only prohibited her from "publishing" statements. On the record in open court, defendant agreed to a permanent injunction enjoining her "from making any communications to any third party" about the protected parties. The judgment is *308 consistent with that agreement. Similarly, defendant contends that the judgment's requirement that she use "best efforts" to remove and permanently delete negative online comments is broader than the oral agreement and "requires the impossible." On the record in open court, defendant agreed to be "affirmatively required to use all her best efforts to pull down any communications concerning plaintiffs." Because the disputed provision only requires defendant to use her "best efforts" and does not mandate the outcome, it does not require the impossible and is consistent with the agreement stated in open court. Finally, defendant objects that the judgment does not state that the settlement "was a compromise and not to be construed as an admission of liability of either party." The parties did not agree to that term on the record in open court, so the court properly did not include it in the judgment. *812 We note, however, that the judgment does state that it is the result of an "agreement of the parties" and contains no reference to any admission of liability.
In sum, we conclude that the judgment, including the attached written settlement agreement that the judgment requires the parties to sign, varies materially from the terms to which defendant assented in open court in four particulars. The trial court therefore lacked authority to enter the judgment in its current form as a stipulated judgment under ORCP 67 F.
Reversed and remanded.

The contempt action, Jackson County Case No. 15CN02970, is the subject of a separate appeal. See Air Rescue Systems Corp. v. Lewis , 292 Or. App. 294, 423 P.3d 775 (2018).

At the end of the December 2015 hearing in the contempt action, after plaintiffs' counsel read the terms of the settlement agreement into the record, and after both defendant and Brim agreed on the record to be bound by those terms as represented to the court, plaintiffs' counsel had this exchange with the court:
"[PLAINTIFFS' COUNSEL]: One last thing.
"THE COURT: Mmm-huh?
"[PLAINTIFFS' COUNSEL]: Now that we have everyone's agreement on the record, I also want to make it clear that if something gets bogged down in the paperwork, you're gonna be the one who resolves that?
"THE COURT: Yes. By continuing jurisdiction, if there are issues with the wording or whatever, which can happen; I'm not gonna encourage it.
"[PLAINTIFFS' COUNSEL]: I agree.
"THE COURT: But if on the other hand you guys are thinking you agreed to something, and one of you thinks this word needs to be inserted or that word, I get in there. I don't enjoy it, but I'll do it, and I agree to do that. Okay? Good work."

Consistent with the parties' arguments, we treat the attached settlement agreement as part of the judgment. We express no opinion on the propriety of the trial court ordering the parties to execute a written settlement agreement, as distinct from entering a judgment that itself incorporates the terms of their oral settlement agreement.

We reject an argument that plaintiffs make based on Newton/Boldt v. Newton , 192 Or. App. 386, 393-94, 86 P.3d 49, rev. den. , 337 Or. 84, 93 P.3d 72 (2004), cert. den. , 543 U.S. 1173, 125 S.Ct. 1365, 161 L.Ed.2d 153 (2005). The issue in that case was whether a contract existed, and the enforceability of that contract, not the permissible terms of a stipulated judgment. There is no mention of a stipulated judgment in Newton/Boldt .