*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LINDA LEWIS, n/k/a LINDA MILLER, | ) ) ) | Supreme Court No. S-17111 |
| Appellant, | ) ) | Superior Court No. 3PA-16-01814 CI |
| v. | ) ) | O P I N I O N |
| BURL BRIM; AIR RESCUE SYSTEMS CORPORATION; and BRIM EQUIPMENT LEASING, INC., d/b/a BRIM AVIATION, | ) ) ) ) ) | No. 7459 – June 12, 2020 |
| Appellees. | ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Deborah Burlinski, Burlinski Law Office, LLC, Palmer, for Appellant. John J. Tiemessen, Clapp Peterson Tiemessen Thorsness LLC, Fairbanks, for Appellees.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

WINFREE, Justice.

## I. INTRODUCTION

The primary issue in this appeal is the continuing effectiveness of a foreign civil judgment registered in Alaska when the judgment is reversed by the foreign

jurisdiction's appellate court. On the facts of this case, we conclude that the foreign jurisdiction's appellate reversals of two judgments must lead to vacation of the two registered judgments in Alaska and to the parties' return to their respective positions prior to Alaska enforcement proceedings.

## II. FACTS AND PROCEEDINGS

Burl Brim and related entities (Brim) sued Linda Lewis in Oregon for reasons not relevant to this appeal, but which can be gleaned from two reported Oregon Court of Appeals decisions.[1] The Oregon trial court first entered a contempt judgment against Lewis in 2016 for failing to abide by an oral settlement agreement the parties had placed on the record six months earlier.[2] Although the court had not incorporated the settlement terms into a judgment, the parties had agreed to a permanent injunction barring Lewis from making public comments about Brim.[3] In July Brim registered that contempt judgment, which included a monetary award against Lewis, in the Alaska superior court.[4] In October the Oregon trial court entered a final judgment in the main litigation, setting out its version of the terms and conditions of the oral settlement agreement and the injunctive relief.[5] Brim registered that judgment in the Alaska superior court shortly thereafter.

---

[1] *Brim v. Lewis*, 423 P.3d 807 (Or. App. 2018); *Air Rescue Sys. Corp. v. Lewis*, 423 P.3d 775 (Or. App. 2018). Although Lewis has changed her name to Miller, we use her earlier name for consistency with the Oregon cases.

[2] *Air Rescue Sys.*, 423 P.3d at 777.

[3] *Id.* at 778.

[4] *See* AS 09.30.200 ("A copy of a foreign judgment authenticated in accordance with . . . the laws of this state may be filed in the office of the clerk of the court with jurisdiction in this state.").

[5] *See Brim*, 423 P.3d at 809-10.

Lewis appealed both judgments to the Oregon Court of Appeals,[6] but she did not obtain an enforcement stay. Once registered in Alaska, the judgments thus were enforceable.[7] Brim began enforcement actions in Alaska, seeking to recover on the monetary award entered in the Oregon contempt judgment and to enforce the separate judgment with the permanent injunction through another contempt proceeding. The superior court consolidated the two cases.

The superior court allowed Brim to levy on and collect proceeds from Lewis's Permanent Fund Dividend based on the monetary award in the Oregon contempt judgment. The court then scheduled a March 2018 trial to resolve Brim's assertion that Lewis should be held in contempt of court for failing to abide by the other Oregon judgment's injunctive relief. In May the court entered an order in Brim's favor, finding that Lewis had for some time, until shortly before the contempt trial, violated the injunctive relief judgment's terms. The court did not enter compliance-inducing monetary sanctions against Lewis because she ultimately complied with the injunction, but, based on its finding that Lewis vexatiously litigated the matter, it awarded full reasonable attorney's fees to Brim.

The next month the Oregon Court of Appeals reversed both judgments.[8] Lewis brought these decisions to the superior court's attention in a reconsideration motion. But, noting that the Oregon trial court had issued a new judgment for injunctive relief in accordance with the Oregon Court of Appeals' decisions, the court nonetheless

---

[6]     *Id.* at 808-09.

[7]     *See* AS 09.30.200 ("The clerk shall treat the foreign judgment in the same manner as a domestic judgment."); AS 09.30.220(a) (requiring court to stay execution "upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered").

[8]     *Brim*, 423 P.3d at 809, 812.

affirmed the validity of its earlier enforcement decisions and declined to vacate the registered judgments.[9]

Lewis appeals the superior court's denial of her reconsideration motion.

## III.  STANDARD OF REVIEW

"We review the denial of a motion for reconsideration for abuse of discretion."[10]  But "the validity of a judgment is strictly a question of law,"[11] which we review de novo.[12]

## IV.  DISCUSSION

Alaska's statute adopting the Uniform Enforcement of Foreign Judgments Act requires an Alaska court to treat any authenticated "foreign judgment" filed with the court "in the same manner as a domestic judgment."[13]  The term "foreign judgment" is defined as "any judgment, decree, or order of . . . any other court which is entitled to full

---

[9]  Brim had submitted the new Oregon judgment in connection with the reconsideration motion; at oral argument to us Brim's counsel could not confirm that the new Oregon judgment had been registered in the Alaska superior court.  The Oregon Court of Appeals recently affirmed, without an opinion, the new injunctive relief judgment, after Lewis had again appealed.  *Brim v. Lewis*, No. A168726 (Or. App. Mar. 4, 2020).

[10]  *Szabo v. Municipality of Anchorage*, 320 P.3d 809, 813 (Alaska 2014) (quoting *Alaskan Adventure Tours, Inc. v. City & Borough of Yakutat*, 307 P.3d 955, 959 (Alaska 2013)).

[11]  *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974).

[12]  *Tesoro Corp. v. State, Dep't of Revenue*, 312 P.3d 830, 837 (Alaska 2013).

[13]  AS 09.30.200; *see also* U.S. Const. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.").

faith and credit in this state."[14] Quoting Oregon case law, we previously noted "that a state must accord the judgment of a court of another state the same credit that it is entitled to in the courts of that state."[15] We also pointed out that "only a *valid* final judgment is entitled to full faith and credit."[16] Other states have similarly interpreted the federal Full Faith and Credit Clause.[17] In other words, if something is not independently enforceable as a final judgment in the issuing state, then it is not a "foreign judgment" subject to registration and enforcement in Alaska. The finality and enforceability of a judgment or court order thus first must be determined under the issuing state's law.[18]

---

[14]    AS 09.30.260.

[15]    *Wall v. Stinson*, 983 P.2d 736, 741 (Alaska 1999) (quoting *Morphet v. Morphet*, 502 P.2d 255, 260 (Or. 1972)).

[16]    *Id.* (emphasis added).

[17]    *See, e.g.*, *Roosa v. Roosa*, 519 So. 2d 1108, 1109 (Fla. Dist. App. 1988) ("A foreign order of contempt is entitled to full faith and credit in Florida if it is valid in the state in which it was issued."); *Fungaroli v. Fungaroli*, 280 S.E.2d 787, 792 (N.C. App. 1981) (noting that "[t]he thrust of the full faith and credit clause is that the courts of one state must honor and give effect to valid final judgments entered by the courts of a sister state"); *Effert v. Kalup*, 723 P.2d 541, 542 (Wash. App. 1986) ("A judgment rendered by a court of one state, if valid, is entitled to recognition in the courts of another state by virtue of the full faith and credit clause."); *see also* 47 AM. JUR. 2D *Judgments* § 730 (2017) ("The right to bring an action on a foreign judgment is protected by the full faith and credit clause, pursuant to which a valid judgment rendered in one state must be recognized in a sister state." (footnote omitted)).

[18]    47 AM. JUR. 2D *Judgments* § 730 ("[T]he question of whether an order constitutes a final judgment, so as to be entitled to full faith and credit, is determined by the law of the rendering jurisdiction.").

And a judgment that has been "adjudged void, or vacated or reversed" in the issuing state is not entitled to recognition and enforcement.[19]

Alaska Statute 09.50.010(5) defines contempt of court as including "disobedience of a lawful judgment, order, or process of the court." Lewis argues that the superior court erred by refusing, upon her motion for reconsideration, to vacate its contempt order against her after both underlying Oregon judgments registered in Alaska had been reversed by the Oregon Court of Appeals.[20] Brim counters by narrowly characterizing the Oregon appellate decisions as "for the limited purpose of modifying four specific terms" from the general judgment, insisting that "the injunctive provisions . . . were *not* reversed or vacated." (Emphasis in original.) But that begs the question for the original contempt judgment, and the language used by the Oregon Court of Appeals reflects a contrary result.

The court in *Brim v. Lewis* held the general judgment invalid due to its material deviation from the parties' agreement, stating that the trial court "lacked

---

[19]    50 C.J.S. *Judgments* § 1285 (2009); *accord Haller v. Rieth,* 247 Ill. App. 541, 545 (1928) (noting that "full faith and credit must be given as to [foreign judgment's] binding effect" unless and "until it was in some lawful manner vacated or reversed"); *Armstrong v. Armstrong*, 130 N.E.2d 710, 714 (Ohio App. 1954) ("[F]ull faith and credit must be given so long as [the foreign judgment] remains unreversed, unmodified, and not vacated by the courts of the state in which it was awarded."); *Atlas Life Ins. Co. v. Standfier*, 86 S.W.2d 852, 856 (Tex. Civ. App. 1935) (noting that full faith and credit clause applies only to foreign judgment that is "final, valid, subsisting judgment, not reversed, vacated, or annul[l]ed in the state of its rendition").

[20]    Brim argues that Lewis failed to specifically raise the superior court's denial of reconsideration in her points on appeal and has thus generally waived this issue. Lewis could not have raised the issue because she appealed the superior court's original ruling on June 18, 2018, then later moved for the superior court's reconsideration on June 22. But Lewis challenged the underlying validity of the Oregon judgments throughout the proceedings, and Lewis specifically challenges the court's reconsideration denial in her opening brief. We therefore reject Brim's waiver argument.

authority to enter the judgment in its current form" and reversing and remanding the judgment, not in part, but in its entirety.[21] And the court in *Air Rescue Systems Corp. v. Lewis* clarified that, although a "private agreement" may have existed between the parties, there was never any "court order" on which Lewis could be held in contempt.[22] If the oral settlement agreement was not an order that could support a contempt order under Oregon law, it alone cannot be a "foreign judgment" for purposes of the Uniform Enforcement of Foreign Judgments Act,[23] much less a "judgment" or "order" for purposes of contempt under Alaska law.[24] That the superior court said it had "crafted its contempt order to encompass only the oral settlement agreement between the parties" and had not relied on the "altered terms" reversed in *Brim* is immaterial.

The original December 2015 oral settlement agreement was simply an oral contract, and as such Brim had recourse only to contract remedies until the Oregon court

---

[21]     423 P.3d 807, 812 (Or. App. 2018).

[22]     423 P.3d 775, 778-79 (Or. App. 2018).

[23]     *See* AS 09.30.260; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 107 (AM. LAW INST. 1971) ("A judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition."); RESTATEMENT (SECOND) OF JUDGMENTS § 16 (AM. LAW INST. 1982) ("A judgment based on an earlier judgment is not nullified automatically by reason of the setting aside, or reversal on appeal, or other nullification of that earlier judgment; but the later judgment may be set aside, in appropriate proceedings, with provision for any suitable restitution of benefits received under it."); *id.* § 73 cmt. c ("If a judgment is based upon a prior judgment, and the prior judgment is reversed or vacated, the reversal or vacating may be a change of circumstance justifying relief from the second judgment."); *accord Craven v. S. Farm. Bureau Cas. Ins. Co.*, 117 P.3d 11, 14 (Colo. App. 2004) (holding that postjudgment relief from a foreign judgment is available if based on prior judgment that has been reversed or vacated); *DOCRX, Inc. v. EMI Servs. of N.C., LLC*, 738 S.E.2d 199, 203 (N.C. App. 2013), *aff'd as modified*, 758 S.E.2d 390 (N.C. 2014).

[24]     *See* AS 09.50.010(5).

issued its second final general judgment. At oral argument before us, Brim's counsel conceded that absent any valid Oregon judgments regarding the settlement agreement, Brim would be limited to filing a settlement enforcement action. Because the Oregon Court of Appeals decisions nullified the then-existing judgments, the superior court erred by leaving in place a civil contempt order *not* predicated on a valid foreign judgment.

The superior court's reliance on *Chilkoot Lumber Co. v. Rainbow Glacier Seafoods, Inc.*[25] in denying reconsideration was misplaced. The court cited *Chilkoot* twice for the proposition that an "[o]ral settlement agreement entered on the record [is] enforceable," even if one party did not "sign the written agreement." The question in *Chilkoot* was whether an enforceable oral contract existed.[26] The parties had "reached an agreement and entered its terms on the record," and the court "orally confirmed with the parties that they understood the terms of the agreement, and that they intended the agreement to be a *full and final* binding settlement."[27] After reaching that oral agreement, "[t]he parties then agreed that the settlement agreement should be reduced to writing and made an order of the superior court," but, because one party never signed the written agreement, the court did not sign an order.[28] When the settlement agreement was breached, a motion to enforce the settlement agreement was filed, which the court

---

[25]     252 P.3d 1011 (Alaska 2011).

[26]     *Id.* at 1015-16.

[27]     *Id.* at 1013 (emphasis added). The oral contract itself involved removing equipment from a building and was not particularly complex; the only provision ever disputed was the date by which performance was due. *Id.* at 1015-16.

[28]     *Id.* at 1014.

denied.[29]  But at oral argument "the parties did not argue the enforceability of the settlement agreement" but instead "tentatively agreed that the original settlement agreement was still enforceable but decided to change the deadlines."[30]  Against this background we were

> not convinced that reducing the agreement to writing was a bargained-for condition that prevented contract formation. The parties placed a complete and enforceable settlement agreement on the record; their agreement to subsequently memorialize its terms in a written document does not preclude enforcement of the oral contract.  Thus, it was error for the superior court to hold that the agreement was unenforceable due to the absence of [one party's] signature on the written settlement agreement.[31]

At no point did we intimate that the mere existence of a private contract, without more, authorized Alaska courts to order civil contempt for its breach.  A party aggrieved by a contract breach must first seek a court order directing specific performance of the contract.[32]  And the contract must itself satisfy a number of conditions before specific performance will be granted as an appropriate remedy.[33]

---

[29]     *Id.*

[30]     *Id.*

[31]     *Id.* at 1015-16.

[32]     *See* RESTATEMENT (SECOND) OF CONTRACTS § 345 (AM. LAW INST. 1981) (listing six possible remedies for breach of contract, including damages, specific performance, restoration to prevent unjust enrichment, monetary compensation to prevent unjust enrichment, declaratory relief, or arbitral award enforcement).

[33]     *See generally id.* §§ 357-69.  We likewise have held that "[a] greater degree of certainty is required for specific performance than for damages," and contracts are "too uncertain" when important terms are "left for future determination by the parties."
(continued...)

There can be no dispute in this case that an oral *contract* existed in December 2015.[34]  But as the Oregon Court of Appeals aptly noted in *Air Rescue Systems*: "A private agreement and a court order are fundamentally different."[35]  Brim never sought specific enforcement of the oral contract in Oregon or Alaska; he sought only contempt orders in both Oregon and Alaska.  The only takeaway from *Chilkoot* applicable here is its restatement of the effect of reversal on contempt orders:  "The general rule is that sanctions for criminal contempt stand when the underlying order is invalidated on appeal, but that sanctions for civil contempt do not."[36]  Because the Oregon Court of Appeals reversed both the Oregon civil contempt judgment and the Oregon general civil judgment and pronounced in the clearest terms possible that the parties' private contract was not yet a court order, the superior court's contempt judgment must be vacated.

## V.    CONCLUSION

We REVERSE the superior court's denial of Lewis's reconsideration motion, VACATE the superior court's judgment entered against Lewis, and REMAND for further proceedings, consistent with our decision, to vacate the two registered Oregon judgments reversed by the Oregon Court of Appeals, return monies obtained from Lewis in executions on the judgments, and revisit prevailing party status and an attorney's fees award.

---

[33]    (...continued)
*Rego v. Decker*, 482 P.2d 834, 837-38 (Alaska 1971).

[34]    *Air Rescue Sys. Corp. v. Lewis*, 423 P.3d 775, 777 n.2 (2018).

[35]    *Id.* at 778.

[36]    *Chilkoot Lumber Co.*, 252 P.3d at 1016.